## JONES ET AL. v. HARVOUT.

*Error proceedings—Reversals on weight of evidence—Case to be remanded for new trial, when—Error to order judgment entered, when.*

It is error for a reviewing court, in reversing the judgment of the lower court on the ground that it is against the manifest weight of evidence, to remand the case to the trial court with instructions to enter judgment for plaintiff, where the judgment was not on the pleadings and there was neither an agreed statement nor finding of facts and both parties were entitled to a jury trial.

(Decided January 3, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Messrs. Hackett & Yeatman,* for plaintiffs in error.

*Mr. Nicholas J. Hoban, Jr.,* for defendant in error.

HAMILTON, P. J.   The defendant in error brought an action in the municipal court of Cincinnati on a contract by which plaintiffs in error agreed to pay the sum of $250 to be released from the obligations of a contract for the sale of certain real estate belonging to them.

The defense is want of consideration sufficient to support the contract to pay the sum of $250 for the release.

The trial of the case in the municipal court resulted in a judgment for the defendants, plaintiffs in error here.   Thereupon, the plaintiff below, defendant in error here, prosecuted error to the court of common pleas, and, upon review, the court of

common pleas reversed the judgment of the municipal court, and in its judgment of reversal remanded the case to the municipal court with instructions to enter judgment for the plaintiff for the full amount claimed.  From that judgment, plaintiffs in error prosecute error to this court, seeking a reversal of the court of common pleas and an affirmance of the judgment of the municipal court.

An examination of the record leads to the conclusion that the judgment of the municipal court was erroneous and manifestly against the weight of the evidence.  The judgment of reversal of the court of common pleas was correct in so far as it reverses the judgment, but that court was without power to remand the case with instructions to enter judgment for the plaintiff.  The judgment was not on the pleadings, neither was there an agreed statement nor a finding of facts; and, further, both parties were entitled to a trial by jury.  It is difficult to understand in this case the action of the court of common pleas in rendering instructions to the trial court to enter judgment for the plaintiff, as the law has been clearly stated by the supreme court of Ohio in many decisions.

In the case of *Thomas Emery's Sons* v. *Irving National Bank,* 25 Ohio St., 360, the court says in the syllabus:

"Where a judgment is reversed for error in overruling a motion for a new trial, on the ground that the judgment was contrary to the evidence, it is error for the reviewing court to remand the case, with instructions to render judgment in favor of the plaintiff in error, he not being entitled to judgment on the pleadings, and there being no agreed

statement or finding of facts, and the case being one in which either party had a right to a jury trial."

In the case of *Miller* v. *Sullivan & Co.,* 26 Ohio St., 639, it is stated in the syllabus:

"Where the judgment of the Superior Court of Cincinnati, in special term, in an action triable by a jury, but which is submitted to the court, is reversed by that court, in general term, on the ground that the court, in special term, erred in overruling a motion for a new trial, for the reason that the finding of the court was against the evidence, it is the duty of the court, in general term, to order such new trial, and remand the cause, and it is error to render a final judgment therein."

In the case of *Hickman* v. *Ohio State Life Insurance Co.,* 92 Ohio St., 87, it is stated in the syllabus that where there is an issue of fact triable to the jury and the court of appeals finds prejudicial error in the charge of the court to the jury, the judgment of the trial court should be reversed and the cause remanded for further proceedings according to law. It is error for the court of appeals to enter final judgment.

In the case of *Nyiry* v. *Modern Brotherhood of America,* 92 Ohio St., 387, the court holds:

"If the issues of fact are triable by jury, and there is some evidence upon each essential element of such issues of fact, a reviewing court may reverse under the statute upon the ground that the verdict is contrary to, or against the weight of, the evidence, but such finding does not authorize such court to enter a final judgment against the defendant in error. Its duty is to remand the case for a new trial."

In the case under consideration the bill of partic-

ulars declared upon a contract. The defense was that there was no consideration to support the contract. This clearly made a question of fact, under which the parties were entitled to a trial by jury. Under these circumstances, Section 12272, General Code, does not confer authority on the reviewing court to render final judgment.

The judgment of the court of common pleas will, therefore, be modified by striking out the instructions to enter judgment for plaintiff, and, as modified, will be affirmed and the cause remanded to the municipal court for a new trial.

*Judgment modified, and affirmed as modified.*

CUSHING and BUCHWALTER, JJ., concur.