## BITTMAN v BITTMAN

Ohio Appeals, 1st Dist, Hamilton Co

No 4861.   Decided Oct 28, 1935

John W. Cowell, Cincinnati, for plaintiff in error.

J. G. DeFosset, Cincinnati, for defendant in error.

## OPINION

By HAMILTON, J.

Counsel for plaintiff in error argues in the brief that the court erred in not ordering and conducting a trial de novo, since the mandate was general in that it reversed the former judgment and ordered the court to proceed according to law.

Defendant in error in the brief accepts the challenge of the proceeding of the trial court as argued by counsel for plaintiff in error, urging that the court had the power to take up the case at the point where the first error was committed, to-wit: the overruling of the motion to make separate finding of facts and conclusions of law. In the case of Commissioners of Montgomery County v Carey, 1 Oh St, 463, it is stated in the first paragraph of the syllabus:

"Where a judgment is reversed for error. and remanded for further proceedings, the cause may be taken up, by the court below, at the point where the first error was committed, and be proceeded with, as in other cases, to final judgment."

This pronouncement of the law is applicable to the present case.

While the Court of Appeals, in reversing. gave no specific orders to the trial court, it did find the trial court erroneously refused to grant the request for separate finding of facts and conclusions of law, and this was the only error found in the case. The order in the mandate to proceed according to law would apply to this point, and since the trial court had all the evidence before it, submitted by both parties at the trial, all that was necessary for the court to do was to comply with the request to make the separate finding.

While there are cases cited in the brief holding that the trial court, on an order of reversal "for further proceedings according to law" is required to conduct the trial de novo, the great weight of authority is in accord with the rule pronounced in the quoted paragraph of the syllabus in Commissioners v Carey, supra.

If this question was sufficiently presented by the record, we would hold that the court did not commit error in taking up the case at the point where the first error was committed. However, the question is not presented in the record. There is no bill of exceptions showing what took place under the mandate sent by the Court of Appeals to the trial court. While the proceedings are probably as indicated in the briefs and as argued to the court in oral argument, this court cannot decide cases otherwise than upon the record submitted.

The record discloses that on April 12, 1934, the Court of Appeals made a judgment entry of reversal, and on the same day the mandate from the Court of Appeals was sent to the trial court. On December 28, 1934, the judgment of the Court of Appeals was affirmed by the Supreme Court, and a mandate sent from the Supreme Court affirming the judgment of the Court of Appeals. Thereupon, the record shows that on January 30, 1935, separate finding of facts and conclusions of law were filed in the case, and on the same day leave was given to file answers to interrogatories, and on the same day they were filed.

The decree granting the divorce and the division of property, and dismissing the cross-petition and amended cross-petition was thereupon entered January 30, 1935. The decree provided among other things:

"The court having herein made its findings of fact and conclusions of law in accordance with the mandate issued out of the Court of Appeals, First Appellate District of Ohio, and in accordance with said finding of fact and conclusions of law the court now on the evidence submitted, upon the amended petition and cross-petition and amended cross-petition, the court being fully advised in the premises finds that the defendant has been duly and legally served with summons and process, * * *."

The court then proceeds to make a finding as to the marriage and the residence of the parties, and finds that the defendant was guilty of extreme cruelty, and thereupon decrees the dissolution of the marriage relation and the division of the property. On February 20, 1935, the court overruled the motion to set aside the decree of divorce, stating: "and the court being fully advised in the premises finds said motion not well taken and does overrule the same for the reason that the decree was entered in conformity with testimony theretofore taken in said cause and in accordance with the evidence offered and the findings of the court upon jurisdictional requirements as set out in the decree, and that said decree was made in conformity with the answer to interrogatories and finding of facts and conclusions of law requested by the defendant, * * *."

From this record, this court cannot say that a full and complete trial de novo was not had, and since this is the only claim of error presented the judgment is affirmed.

ROSS, PJ, and MATTHEWS, J, concur.