**PENGELLY, Plaintiff-Appellant, v THOMAS, et, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4087.   Decided March 2, 1948.

Binns & Tresemer, Edward F. Lynch, Columbus, for plaintiff-appellant.

W. B. McLeskey, Columbus, and John F. Carlisle, Columbus, for defendants-appellees.

## OPINION

By HORNBECK, J.

The appeal is on questions of law from a judgment of the Probate Court ·dismissing plaintiff's second amended petition and the proceedings thereon. As a part of the judgment entry and prior to the order of dismissal the Court also sustained a motion of the defendants to retry the cause de novo.

The following errors are assigned:·

1. The . Court erred in overruling plaintiff's motion for an order admitting and correcting the judgment entry of August 4, 1947.

2. The Probate Court erred on the remand in holding that the case should be retried de novo.

3. The Probate Court erred on the remand in entertaining a motion to dismiss upon the ground that the court lacked jurisdiction in the matter, and in sustaining such motion and accordingly entering judgment against plaintiff.

4. The Probate Court erred in its construction of the Stafford case (146 Oh St 253) and in holding, contrary to the ruling of this Court of Appeals in the instant case that it (the Probate Court) is without jurisdiction to entertain the petition (second amended petition) of the plaintiff herein.

5. The Court erred in rendering judgment against plaintiff contrary to the ruling of this Court.

We set forth certain procedural steps in this case necessary to an appreciation of the legal questions presented on this appeal.

This is the second appeal to this Court in this cause. The record in the first appeal disclosed that the parties went to trial on plaintiff's amended petition, separate answers of the defendants and reply. Plaintiff introduced her evidence and rested. Defendants moved for a dismissal of plaintiff's cause of action upon the record which the Court sustained. Rehearing was had and the Court adhered to the former ruling. Upon motion of plaintiff the Court made separate findings of fact and conclusions of law and from the judgment of dismissal the appeal was prosecuted to this Court. The record which we reviewed consisted of the findings of fact and conclusions of law. We discussed and passed specifically on all errors assigned, reversed the judgment of dismissal of the Probate Court and remanded the cause to that Court "for further proceedings according to law".

The opinion of this Court was released on March 8, 1946, and is reported in 79 Oh Ap 53, 46 Abs 481. Thereafter a motion was made in the Supreme Court to certify our record,

which was overruled, and the appeal as of right dismissed on June 12, 1946, **146 Oh St 693**. The case of In Re Estate of Stafford: Otis, Gdn., et al., v The Union Trust Company, et al., was decided in the Supreme Court February 13, 1946, three weeks before the decision in this Court and four months before the action of the Supreme Court overruling defendant's motion to certify.

The cause came on for retrial in the Probate Court on September 9, 1946. Defendants first moved that the cause be tried de novo. This motion was sustained. Defendants then moved that plaintiff's proceeding be dismissed. This also was sustained. Defendant's motion to dismiss plaintiff's amended petition was made orally upon the identical ground of the motion to dismiss in the first trial, namely, "that the court does not have jurisdiction of the subject matter" and for the reasons formerly assigned and urged upon the first appeal, namely, that "the old Code governs this court and no other court has any jurisdiction to set aside this judgment, if the new Code governs it is unconstitutional". When the motion was made the trial Court from the bench rendered an oral opinion sustaining the motion on the ground that it had no jurisdiction of the subject matter of the proceeding. Upon application, rehearing was granted and the Court again considered the motion and in an extended written opinion, in which it was stated that the Judge had revised his thinking on the law of the case, in part, upon the authority of In Re Stafford, supra, maintained his former ruling and ordered the plaintiff's cause dismissed. The entry journalizing the rule of the Court stated no reason or reasons for the dismissal. Plaintiff by motion requested an entry setting out the chronological steps incident to, and the reasons for, the action of the Court as set forth in the aforesaid opinions. This motion was denied and this ruling of the Court is the first error assigned.

In view of the fact that the order of the Court was the same as made in the first trial and of what had gone on before in the cause it would have been appropriate for the Court to have carried into an entry the specific reasons for the dismissal. However, failure to do so was not prejudicial to the plaintiff if the order on the motion for any reason was properly made under the law.

The second error assigned is directed to the action of the Court in sustaining the motion to try the case anew.

This ruling in our judgment under the circumstances was prejudicially erroneous to the rights of the plaintiff. **Montgomery County v Carey, 1 Oh St 463; Bittman v Bittman, 20 Abs 274**. The first case cited, holds, syllabus 1:

"Where a judgment is reversed for error, and remanded for further proceedings, the cause may be taken up, by the court below, at the point where the first error was committed, and be proceded with, as in other cases, to final judgment."

The second case cited holds that the obligation upon the trial Court to observe the procedure set out in the first syllabus of Montgomery County v Carey is mandatory. In many situations it would not be prejudicial to either party to require that the cause be heard de novo. Here, upon the first hearing, the parties had gone to trial upon the issues joined. The plaintiff introduced her case in chief. Defendants saved their rights as the cause proceeded. When plaintiff rested the effect of the case made by her was tested by a motion to dismiss and thereafter the Court was required to and did make separate findings of fact and conclusions of law upon the case made by the plaintiff. Upon the special findings the Court entered an order of dismissal. Upon the review in this Court the errors committed by the court occurred at the time that he drew his conclusions of law and upon the determination made therefrom in the light of the facts which had been determined. This was the juncture then when the error in the trial of the cause occurred and this was the place where, in so far as practicable, the trial should have been resumed. Manifestly, rights of parties resulted from the facts adduced upon the case as made by the plaintiff when she rested.

We reach this conclusion with full regard for the holding in In Re Stafford that the proceeding there was in rem and not adversary. It is conceded in the Stafford case that the proceeding is inter partes. Manifestly, however plaintiff's cause proceeds, inasmuch as she is challenging the settlement of the final account of the executrix, the burden would be upon her to establish fraud, as claimed, and therefore comes within an exception of §10506-40 GC which would require the vacation of the final account. This requirement that she go forward with the proof in support of her claim is the same whether the proceeding is adversary or in rem, and in either type of proceeding, she would be entitled to the benefit of the case made by her up to the time of the motion to dismiss.

The third, fourth and fifth assignments of error relate to the correctness of the action of the trial Court in dismissing plaintiff's amended petition after the reversal by this Court of the former order of dismissal. The doctrine of the law of the case is urged in support of these assignments.

It is basic that a judgment in a cause is decisive, not only of all matters presented to the Court under the issues, but also as to all matters, which could properly have been pre-

sented. **Strangwald v The American Brass Bedstead Company, 82 Oh St 121.** The former judgment in this Court must be tested upon its correctness in the ultimate and not necessarily upon the soundness of any of the legal principles advanced to support it. If the conclusion reached, namely, the judgment of reversal, is sound it should not be disturbed.

Under the **Ohio Constitution, Article IV, Par. 6,** the judgment of this Court on the former appeal was final as to the trial Court because the Supreme Court refused to require this Court to certify its record. The language of the Constitution is, "Judgments of the Courts of Appeals shall be final in all cases, except * * * cases of public or great general interest in which the Supreme Court may direct any Court of Appeals to certify its record to that Court". It is not for us nor the trial Court to speculate upon subsequent action of the Supreme Court when, and if, this appeal is again brought to its attention. Its denial of the motion to certify established its lack of jurisdiction upon the one decisive question, namely, was the case presented one of public or great general interest? It being so determined, this Court because it had jurisdiction, and not the Supreme Court, because it had denied its jurisdiction, was authorized to pronounce the final judgment upon the record in the first case. This was announced in specific language, the effect of which was to hold that the trial Judge erred in dismissing plaintiff's case at the conclusion of her evidence in chief.

In Ohio, it has been held that the "law of the case" does not apply to the Court of Appeals nor to the Supreme Court upon a second review involving the same question as presented upon the first. **Jones v Harmon, 122 Oh St 420; New York Life Insurance Company v Hosbrook, 130 Oh St 101; Kent v Contract Cartage Co., 55 Oh Ap 481.** But it has never been held to our knowledge that the "law of the case" when established by the Court of last resort does not apply in the trial Court.

As before stated, In Re Stafford, supra, was available to this Court and counsel before the opinion on the first appeal. Considerable time elapsed after this opinion before the judgment entry was spread upon the record and no application for rehearing was filed. The Stafford case was well known to the Supreme Court and referred to several times by counsel in their briefs when the motion to certify was under consideration in that Court. It is in this fact, namely, that the Stafford case was decided before and not subsequent to the judgment in this Court that the distinction must be drawn between this case and Jones v Harmon and New York Life Insurance Co. v Hosbrook, supra.

In Jones v Harmon, Harmon and Harmon were the plaintiffs, Jones, the defendant. In the first trial, verdicts and judgments were entered against both parties. Upon error, the Court of Appeals reversed for failure to give a special charge requested by the defendants before argument. The Supreme Court over-ruled a motion to certify filed by Jones. Upon the retrial, the trial Court properly followed the mandate of the Court of Appeals. Upon this trial the plaintiffs, Harmons, recovered a verdict and judgment was entered in their behalf. Jones then filed his petition in error in the Court of Appeals, which affirmed the judgment upon the theory that "the law of the case was applicable" and bound it, and relying upon **Gohman v City of St. Bernard, 111 Oh St 726,** and finding its judgment in conflict with a judgment of another Court of Appeals, certified the record to the Supreme Court for review. **Between the first and second proceedings in error, and prior to the second trial the** Supreme Court decided the case of **Heidle** and **Schelle v Baldwin, 118 Oh St 375,** and announced a principle of law in conflict with that incorporated in the special charge under consideration in the first appeal. (Emphasis ours.) Upon this situation the Supreme Court pronounced the syllabus:

"Where, after a definite determination, the Court of Appeals has reversed and remanded a cause for further action in the Trial Court, and the unsuccessful party files a motion in this Court for an order to certify the record, and such motion is denied, and the cause is thereupon again tried in the trial Court, **but, subsequent to the denial of the motion to certify,** and prior to the second trial in the Trial Court, this Court lays down a rule of law in conflict with the declaration of the Court of Appeals, it is the duty of the Trial Court to follow the ruling of this Court and not to do is reversible error. (**Gohman v City of St. Bernard, 111 Oh St 726** distinguished.)" (Emphasis ours.)

In New York Life Insurance Company v Hosbrook, supra, the plaintiff, Hosbrook, secured a verdict and judgment in the trial Court in both trials. The Court of Appeals reversed the first judgment because of refusal of the trial Court to admit certain evidence offered by the defendant company. The second trial resulted in another verdict and judgment for the plaintiff and the Court of Appeals in affirming relied upon the doctrine of "the law of the case", saying that the second trial was had in substantial conformity with the former decision of the Court. Judge Jones in the opinion discusses "the law of the case" doctrine at considerable length and the Court announced, the second and third syllabi:

"2. The procedural doctrine announced in **Gohman v. City of St. Bernard, 111 Oh St, 726,** is not consonant with the principles of judicial procedure upheld by the Supreme Court of this state. The claim that an inferior court can forestall review by our state Supreme Court rests upon a doctrine which is repugnant not only to our established judicial system but also to **Section 2, Article IV, Constitution of Ohio,** which confers on the Supreme Court express authority to 'review, and affirm, modify or reverse the judgment of the court of appeals'. (The first and second propositions of the syllabus in Goham v City of St. Bernard, overruled.)

"3. Where, on a first hearing, a Court of Appeals has committed prejudicial error in determining the 'law of the case' for the guidance of the trial court after remand, and, upon a later hearing adheres to such determination, this court, as the last state court of review, will disturb such former determination of the Court of Appeals and will reverse its judgment, where it results from such erroneous determination."

Having thus reversed the doctrine of the "law of the case" the Court then holds that it had no application in the first place because the Appellate Court committed no error in affirming the second judgment of the trial Court.

These cases are authority to preserve the jurisdiction of the reviewing courts to overrule a former holding in the same case, but afford no support for a trial judge resolving the law at variance with the mandate in the former appeal in this case.

"One of the objects which was sought in the adoption of the 1912 amendments to the Ohio Constitution is said to have been the hastening of judicial proceedings by allowing in most cases one trial and one review and no more."

2 O Jur. 1130, **Mahoning Valley R. Co. v Santro, 93 Oh St 53; State, ex rel. Sylvania Home Teleph. Co. v Richards, 94 Oh St 287.**

Here, the same party upon the same facts and the same issues has had two trials and two reviews. Had the trial Court followed the mandate of this Court and the plaintiff secured a judgment in the trial Court, it would have been appropriate for the defendants to have prosecuted their appeal and then to have again raised the determinative question which was adjudicated on the first appeal, Jones v Harmon, supra, but here the burden of appeal has twice been placed upon the same party.

Although we have held that In Re Stafford was not controlling upon the trial Judge in this case, it has been the subject of much discussion in the briefs and it is claimed by counsel for appellee that "that case (referring to the Stafford case) as we understand it, reversed the leading principles announced by this Court on the prior appeal".

Let us first examine in detail In Re Stafford, supra, upon the theory that its principles control the law of this case. Judge Turner twice in the opinion defines the question before the Court, page 259;

"Assuming that this appeal is properly before this court (which a minority of the Judges question) the sole question to be decided in this case is whether the proceeding instituted in the Probate Court is a Chancery case."

Page 265:

"Whether there was or could be laches or estoppel raised by 'the defendants' is not before us at this time, our question being simply: 'Is this a chancery case'?"

The fifth syllabus is dispositive of the one question presented:

"A proceeding in which it is sought to vacate the determination of the Probate Court approving the final account of an executor, based upon the executor's fraud or collusion * * *, is not a chancery case and may not be appealed to the Court of Appeals on questions of law and fact under **Section 6 of Article IV of the Ohio Constitution** in effect prior to January 1, 1945."

But let us look at some of the other propositions of the syllabi which the Court incorporated therein.
Syllabus 3:

"The administration of an estate of a deceased person is a proceeding in rem and not inter partes or adversary."

Granted that the third syllabus just quoted is the law, does it follow that the dismissal was justified because the plaintiff instituted an action in form adversary which was filed in the administration of the estate proceedings, given the same number as such proceedings, and heard and determined as a proceeding to open up the final account of the executrix? We think not. The crux of the plaintiff's cause for relief

may be encompassed within a very limited factual averment, namely, that although she was the widow of decedent entitled to the widow's rights under the law of Ohio, in fraud upon her and the Court, the executrix had caused a final account to be settled and allowed and distribution made to the defendant, Cora I. Goddard, who was not the widow of decedent and was not entitled to share in the proceeds of his estate.

If the proceeding was not adversary when it was filed it was the fact notwithstanding though counsel may not have recognized it until so pronounced in the Stafford case. Defendants made no objection to the form of the petition based upon the law as later announced in the third syllabus in the Stafford case. Having failed to do so in a timely manner and having gone to trial upon the cause of action as framed, it is too late to urge it upon remand and again in this Court on appeal.

The fourth syllabus of the Stafford case:

"The settlement of the account of an executor is an incident in the estate proceeding."

This pronouncement did not affect any substantive rights of the parties on this or the former appeal.

Syllabus 8:

"A petition, seeking the vacation of the approval of the final account of an executor and the surcharging of such executor for losses sustained by the estate and which petition alleges facts which, if proved, would show that the executor had been guilty of fraud and collusion in the administration of his trust * * *, is properly filed in the proceedings in which the estate is being administered. There is no authority for bringing an independent action in the Probate Court for such purpose."

In the Stafford case, as here, trial was had upon adversary pleadings but the Supreme Court held that the petition in the Stafford case was properly filed in the proceeding in which the estate had been administered.

To all intents and purposes the petition in this case could, if vital, be held to have been filed in the estate being administered. It was given the estate number. It proceeded upon the theory that the principal issue was whether or not the plaintiff was entitled to have executrix's final account vacated.

The trial Court at one time held that the approval of the final account was not a judgment but also held that if it were a judgment the Court was without jurisdiction to vacate

it; that the plaintiff, if she had any remedy it should be invoked in a Court of general jurisdiction either as an action at law for money had and received or in a suit in equity to vacate the settlement of the account. At no time, in so far as we have observed, have counsel prior to this appeal urged that this proceding was not adversary or that it should not be subject of an independent action.

Neither of the propositions of the sixth and seventh syllabi of the Stafford case is urged as supporting the dismissal of plaintiff's amended petition. Manifestly, they lend no support whatever to the appellee's contentions before the trial Court or in this Court on this or the prior appeal.

Sixth syllabus:

"In a proceeding arising under §10506-40 GC, prior to its amendment in 120 Ohio Laws, 653, where fraud or collusion * * * is shown to have been practiced in the administration of an executor's trust, the determination of the Probate Court approving the final account is thereby vacated."

We have heretofore held that upon the facts as determined by the trial Judge this plaintiff had established fraud in the administration of the executrix's trust. If so, and if the Court had jurisdiction, which we also have held, such finding, if the Stafford case controls, unless overcome by facts requiring different action, would vacate the approval of the executrix's final account.

Seventh syllabus:

"Prior to the amendment of §10506-40 GC (120 Ohio Laws 653), effective September 20, 1943, the statutory law of this state prescribed no limitation of time within which the approval of the final account of an executor could be challenged and vacated on the ground: (a) That fraud or collusion had been practiced in connection with such final account; or (b) * * *."

Although this holding, if it has application, may be counter to our conclusion that the Four Year Statute of Limitations applies, it in nowise limits, but on the contrary enlarges, the rights of the plaintiff.

But it is said that rights of the plaintiff are controlled by the procedural law effective upon the date of the confirmation of the executrix's final account. We, of course, held differently on the first appeal but in the light of the Stafford judgment, of controlling, it makes little difference whether the law applicable is that which was effective when the final

account was settled or when this action was brought. At both times fraud by the administrator or executor was sufficient reason for setting aside an account or order of distribution. §10506-40 GC; **Johnson, Exr., et al., v Johnson, et al., 26 Oh St 357; Crawford v Zeigler, 84 Oh St 224.**

In **Henry v Doyle, 82 Oh St 120,** it was recognized that a final distributive account could be directly attacked and opened up by a proceeding for that purpose within four years after the discovery of the fraud relating to it. R. S. 6190 and R. S. 4982. In Johnson, Exr., v Johnson, supra, it is pointed out by Judge Turner that it is said that an order to vacate (an account in the Probate Court) "would be vacated as a matter of course, on the facts being made to appear".

We have devoted much time and attention to the Stafford case and to indicate that, if applicable, it would not preclude relief to the plaintiff, at least to the extent of an order opening up the final account.

It is our judgment that the Stafford case is in nowise applicable to or controlling of the law in this case. This case, in our judgment, is an independent, adversary suit in equity to set aside an order or judgment of the Probate Court. **Johnson, Exr., et al., v Johnson, et al.; Crawford v Zeigler, 84 Oh St, 224, supra.** In both of these cases and in Woodward, et al. v Curtis, Trustee, et al., 19 O. C. C. 15, the action taken in the settlement of a final account by a Probate Court under the old Probate Code was recognized in terms as an "order" or "judgment". The account under consideration in the Stafford case had been settled in 1937 at which time §10506-40 GC was effective and controlling of the forces and effect of the determination of the Probate Court on the settlement of the account. In this case the account was settled in 1929 prior to the enactment of §10506-40 GC and was controlled by §10834 GC which made no exceptions as to the finality of the order of the Probate Court approving a final account of an administrator or executor.

Prior to the enactment of §10501-17 GC plaintiff here would have been compelled to institute her suit in the Common Pleas Court, a court of general equity jurisdiction. §10501-17 GC created no new right of action but clothed another court, namely, the Probate Court, with the same power which the Common Pleas Court theretofore had, to vacate its orders or judgments.

We do not purpose to restate the reasons for our former judgment which we have heretofore announced in the opinion in this case on the first appeal. Judge Miller in the former opinion held that §10501-17 GC relates exclusively to remedial rights and is not violative of the constitutional inhibition

against the enactment of retroactive laws and further that "this is not a case where the Legislature provided the plaintiff with a remedy where none existed before". **Hoofstetter v Adams, et al., 67 Oh Ap 21, 1st Syl.**

Finally, the appellees assert that as the plaintiff died subsequent to the institution of her proceeding in Probate Court it abated for the reason that "it was not an action within the meaning of §11397 GC". This claim was not made in the trial Court either by demurrer or answer which would have been the proper procedure. **Sec. 11309 GC;** Elektron Mfg. Co. v Jones Brothers Electric Co., 8 O. C. C. 311. It was not urged on the other appeal and is presented here for the first time and therefore is not timely nor is it exemplified on the record.

If, however, the question is reached it is answered by the controlling section of the Code, **§11397 GC,** which provides:

"Unless otherwise provided, no action or proceeding pending in any court is abated by the death of either or both of the parties thereto, except * * *."

The instant action is not listed in the exceptions. The statute applies both to proceedings and to actions.

The judgment of dismissal will be reversed with instructions to the trial Judge to overrule defendants' motion to dismiss and for further proceeding in accordance with this opinion.

If counsel desire more specific terms in the remand, the Court will take this matter up and determine it upon entry submitted.

WISEMAN, PJ, and MILLER, JJ, concur.

### APPLICATION FOR REHEARING

Decided March 26, 1948.

By THE COURT.

Submitted on application for rehearing, consisting of seventeen grounds.

The first ground is to the effect that the Court was in error "when it says that there was only one or even two grounds and that the ground or grounds of each motion (to dismiss), were identical". We made the observation in our original opinion on this appeal that the "Defendant's motion to dismiss plaintiff's amended petition was made orally upon the identical ground of the motion to dismiss in the first trial,

namely, 'that the court does not has jurisdiction of the subject' matter and for the reasons formerly assigned and urged upon the first appeal, namely, that 'the old Code governs this court and no other court has any jurisdiction to set aside this judgment, if the new Code governs it is unconstitutional'." It should be recalled that there was no written motion to dismiss plaintiff's cause of action. It was interposed orally. The quoted matter is taken from a copy of the proceedings, September 9, 1946, when the motion to dismiss was made at the second hearing in the Probate Court, and purports to be in the language of counsel for the defendant. We have quoted freely from the observations of the trial judge and claims of respective counsel, though not a part of the bill of exceptions, as have counsel. This has been done by common consent. In our former opinion we followed the proceedings, not only at the time that the motion to dismiss was first made, but also what was done on the application of plaintiff for rehearing, which was granted.

The second ground of the motion is to the effect that, "As the court has reversed the judgment of the trial court, it has apparently found the failure of the trial court to incorporate the reasons for sustaining the motions in the entry to be prejudicial". We refer counsel to page 4 of our former opinion in which we say, "However, failure to do so (to carry into the entry the specific reasons for the dismissal) was not prejudicial to the plaintiff if the order on the motion for any reason was properly made under the law".

The third ground of the motion relates to our construction of the effect of the decision in **Montgomery County v Carey, 1 Oh St 463.** We have stated our view upon the effect of this decision upon the action of the court in sustaining the motion to try the case de novo.

The fourth ground of the motion is an exception to our view of the application of the doctrine of the "law of the case" to the trial of the case a second time in the Probate Court. We discussed the "law of the case" at length because we were required to give it consideration as it was assigned as a ground of error. It is our judgment that this case, as clearly as any which we have had under consideration, required the trial judge to follow the mandate of this court on the former appeal. However, his failure to do so was not considered by us as dispositive of the correctness of the second judgment of dismissal.

The 5th, 6th and 7th grounds of the application pertain to our construction of the Stafford opinion. We discussed the Stafford case at great length, probably more than was required, especially in view of our conclusion that it was not

controlling of the law in this case for the reasons which we assigned.

The 8th ground of the application relates to the question of abatement as to which we care to add nothing to our former opinion.

The 9th ground of the application objects to our failure to differentiate between actual or constructive fraud where considered throughout our former opinion on this appeal. Manifestly, this question was decided in the former appeal wherein we held that constructive fraud only was before the trial judge upon the final presentation of the case. So that, when we speak of fraud, obviously we refer to constructive fraud.

The 10th ground of the application is to the effect that in holding that the old Code applies in this case we have changed position from the former appeal. We have in our former opinion discussed the extent to which the old Code has application to the judgment here. We have made no change in our construction of the law of this case at any time and, in our judgment, every proposition that we have advanced in the opinion on the second appeal is consistent with our decision on the first appeal.

The 11th, 12th, 13th, 14th, 15th, 16th and 17th grounds of the application do not, in our judgment, require any modification or elucidation of our former opinion.

Nothing is advanced in the application for rehearing which is convincing that we failed to discuss and pass upon every material, controlling, legal question presented upon the errors assigned. The application for rehearing will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

## APPLICATION OF THE DEFENDANTS-APPELLEES

Decided April 10, 1948.

By THE COURT.

Submitted on application of the defendants-appellees,

"(1) To specify in writing the ground or grounds of its reversal of the judgment involved in the second appeal in the above entitled cause as provided by §1223-29."

Manifestly, this reference to §1223-29 GC is in error and should be §12223-21 GC. Counsel for the parties should comply with Rule VII of our Rules, and doing so, the grounds of the reversal may be carried into the entry.

"(2) To certify the record of this cause upon the second appeal to the Supreme Court for review and final determination on the ground that the judgment of this Court is in conflict with judgments pronounced upon the following questions by other Courts of Appeal of this State, to wit:

"'(1) The rule in this State as to the "law of the case" as announced in Collins v Casualty Co., 27 Abs. (6th Dist.) 483; Peerless Corp. v. Taylor, 52 Oh Ap (8th Dist.) 549; Gusweiler v Apts. Inc., 54 Oh Ap 132 (1st Dist.) 133; Kern v Cartage Co., 55 Oh Ap (7th Dist.) 481; Board of Education v Construction Co., 79 Oh Ap (1st Dist.) 193.

"'(2) The rule in this State as to the abatement of nonadversary proceedings upon the death of a party as announced in In Re: Estate of Knofler, 73 Oh Ap 383.'"

This part of the application will be denied.

(1) The "law of the case", although discussed at length in the opinion, was not made the basis in any particular, of the reversal.

The second branch of the second ground of the motion will be overruled for the reasons stated in our original opinion on this appeal.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.