**CHAPMAN, Plaintiff-Appellee, v. PARK LANE VILLA, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22053. Decided February 5, 1951.

Cerrezin & Cerrezin, Cleveland, for plaintiff-appellee.
P. Jerome Pasch, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a judgment entered against the defendant-appellant on July 26, 1950. There is but one claim of error and that is, that the court failed to file its findings of fact and conclusions of law which were seasonably requested by defendant at the trial of the case.

The transcript discloses that the case came to trial on July 26, 1950, and was tried to the court, a jury having first been demanded but later waived. At the conclusion of the taking of testimony the court immediately announced his decision, whereupon counsel for defendant, in open court, orally requested the court to state his findings of fact and conclusions of law in writing as provided by §11421-2 GC.

The court directed the defendant to file such request in writing, which was done, the transcript disclosing such request to have been filed July 27, 1950. The court, however, journalized its judgment on July 26, 1950.

On November 17, 1950, the defendant filed a motion seeking to correct the record by showing that the request for findings of fact and conclusions of law was actually filed with the court on July 26, 1950, which motion the court granted and entered a correction of the record to show that the said request was in fact made on July 26, 1950.

A motion for new trial was filed July 31, 1950, and was overruled August 17, 1950. On Sept. 8, 1950, a paper was filed by plaintiff setting forth findings of fact and conclusions of law but neither the half sheet, which takes the place of a court calendar in the Municipal Court of Cleveland nor the transcript records said failing. On Nov. 29, 1950, the plaintiff filed a motion seeking a nunc pro tunc entry showing that the findings of fact and conclusions of law were in fact entered on the record as of Sept. 8, 1950. This motion was granted by the court.

The notice of appeal was filed Sept. 5, 1950, or three days before the time when the findings of fact and conclusions of law were ordered spread upon the record by the nunc pro tunc entry above referred to.

It is clear, therefore, that at the time the court overruled the defendant's motion for a new trial, the court did not enter such findings of fact and conclusions of law on the record. The date upon which findings of fact and conclusions of law are filed by a judge which have been seasonably requested by a party under the statute, is not the subject of a nunc pro tunc order. The purpose for such request,

as provided by statute, is to make possible excepting to the court's decision upon questions of law, without the necessity of filing a bill of exceptions. Therefore, unless findings of fact and conclusions of law are filed before the time begins to run for the filing of a bill of exceptions—that is before the date of the order appealed from, a party who feels aggrieved because of the decision of the court could not determine whether he desired only to seek redress from the conclusions of law found as based upon the facts set forth in such findings of fact and conclusions of law, or whether he wished to test the sufficiency of the judgment based upon the weight of the testimony, which would require a bill of exceptions containing all of the evidence. It was error, therefore, to overrule the defendant's motion for new trial before granting the request for findings of fact and conclusions of law.

It was held in the case of **Commissioners etc., v. Carey, 1 Oh St 463,** in the first paragraph of the syllabus:

"Where a judgment is reversed for error and remanded for further proceedings, the cause may be taken up by the court below at the point where the first error was committed and proceeded with as in other cases to final judgment."

And in the case of **Shunk v. Shunk Mfg. Co., 86 Oh Ap 467,** it was held:

"Upon reversal, and remand for failure to make findings of fact, a party is not entitled to a new trial, but the case proceeds in the trial court from the point where the error was committed."

Without a complete record before us, the first error appearing from the transcript is the failure to file findings of fact and conclusions of law which were seasonably requested before the court overruled the defendant's motion for a new trial.

The cause is therefore remanded with instructions to vacate the entry of August 15, 1950, overruling the defendant's motion for a new trial, and to then furnish in writing findings of fact and conclusions of law as provided by §11421-2 GC, before ruling on said motion for a new trial.

Exceptions noted. Order see journal.

SKEEL, PJ, McNAMEE, J, HURD, J, concur.