MILLER, APPELLEE, *v.* MILLER, APPELLANT.

(No. 5238—Decided April 4, 1960.)

*Messrs. Fuller, Harrington, Seney & Henry* and *Messrs. Taylor, Cruey & Kelb*, for appellee.
*Mr. Wm. Kent Fenton*, for appellant.

GUERNSEY, J.   In his petition the plaintiff alleged that he was entitled to a divorce on the grounds of gross neglect and extreme cruelty.   During the original trial the plaintiff moved the court for an order permitting him to amend his petition by interlineation by adding the additional ground of habitual drunkenness.   The defendant noted his objection to the granting of the motion.   The court then said, "overruled," and although it is not clear as to whether the court was overruling the motion, or the objection thereto, the parties and trial court have treated the motion as having been granted, and we will do likewise.

In its original judgment the trial court, found, among other things, "that upon the evidence adduced at the trial, the defendant has been guilty of gross neglect of duty towards the plaintiff and upon the evidence adduced at the trial the plaintiff is entitled to a divorce" and granted a divorce pursuant to such findings.   No separate findings were made as to the grounds of extreme cruelty and habitual drunkenness.   This judgment was appealed to this court, there being no error assigned by the defendant, of course, as to the trial court's not granting the plaintiff a divorce on the grounds of habitual drunkenness or extreme cruelty.   Nor did the plaintiff file a cross-appeal claiming error in this respect.

Following the hearing of the first appeal, this court entered judgment which, among other things not herein pertinent, provided:

"* * * the court finds there is error appearing on the record of the proceedings of the Common Pleas Court, Division of Domestic Relations, prejudicial to the rights of the appellant in the following respects:

"* * * the court finds upon consideration of all the evidence that the judgment of the Court of Common Pleas, Division of

Domestic Relations and the final decree of said court is manifestly against the weight of the evidence.

"This court does not find any other errors apparent upon the record.

"* * *

"It is further ordered that the judgment and decree of the Court of Common Pleas, Division of Domestic Relations in this cause be and the same is hereby reversed and vacated, and it is ordered that this cause be remanded to the court below *for retrial, or further proceedings according to law.*" (Emphasis added.)

Following remand, pursuant to the motion of plaintiff "for further proceedings according to law," over objection of the defendant, without hearing any evidence, and solely on the evidence adduced on the original trial of the cause, the trial court found defendant guilty of habitual drunkenness and extreme cruelty and granted plaintiff a divorce on both of these grounds. This is the judgment which the defendant now appeals to this court.

The principal issue presented by this appeal is whether the trial court had authority pursuant to the remand "for retrial, or further proceedings according to law," without rehearing any of the evidence, and solely on the evidence adduced at the original trial, to find additional grounds for divorce, not affirmatively found at the first trial, and enter judgment granting the divorce on such additional grounds.

It is not open to question that the authority of the trial court in a remanded cause is limited both (1) by the scope of the mandate of the appellate court, and (2) by the scope of the authority bestowed upon the trial court by law. The authority exercised under the former may not exceed that bestowed by the latter, nor may the authority exercised under the latter exceed the former.

Though an appellate court has authority under the provisions of Section 2701.01, Revised Code, to remand "its final decrees, judgments, or orders, in cases brought before it on appeal, to the court below, for specific or general execution thereof, or to the inferior courts for further proceedings therein," the judgment of this court with reference to "retrial" was general in scope, and not limited to a retrial of any one issue or

matter. The word, "retrial," in its ordinary usage, is synonomous with the phrase, "new trial." Appellate procedure formerly would not permit an appellate court to reverse the judgment of the trial court on the weight of the evidence unless the trial court had overruled a motion for a new trial before the appeal was perfected, and, in such case, the reversal and remand for a new trial was necessarily for the "new trial" contemplated by the motion for new trial and that which was within the statutory authority of the trial court. There is no sound reason to conclude that a new trial is any different under present appellate procedure than it was under the former. Section 2321.17, Revised Code, defines a "new trial" as "a re-examination, in the same court, of the issues after a final order, judgment, or decree by the court." It has been held by the Supreme Court that a new trial, if granted, goes to the whole case; it must be retried *from the beginning* and be *upon all the issues* of fact which are involved in the case. *Dayton & Union Rd. Co.* v. *Dayton & Muncie Traction Co.*, 72 Ohio St., 429, 434. In a case involving a single cause of action a new trial must proceed *de novo* as to all issues in the case. *Markota* v. *East Ohio Gas Co.*, 154 Ohio St., 546, and *Edelstein* v. *Kidwell*, 139 Ohio St., 595.

The cause of action herein was for divorce (and incidental relief) and the issues before the court on this cause of action were the existence, or nonexistence, of the respective grounds of gross neglect, extreme cruelty, and habitual drunkenness. A new trial, as such, could not be had as to one of these issues without there being at the same time a new trial as to each of the other issues, and, unless the parties otherwise stipulated or agreed, such new trial had to be *de novo*, from the beginning, with the introduction, or reintroduction, of all the material, relevant and competent evidence upon which each of the parties desired to rely in making his or her respective case.

It is apparent, and the plaintiff would readily concede, that a new trial was not had here, but the definition and scope of a new trial must be determined in order to determine what this court meant when it also provided in its remand for an alternative course of action, "or further proceedings according to law."

Under a remand for further proceedings, following a re-

versal of a judgment, it has been consistently held that the cause may be taken up by the court below at the point where the first error was committed, be proceeded with to final judgment, and that the record in the cause is admissible to show the facts already established. *Commissioners of Montgomery County* v. *Carey*, 1 Ohio St., 463; *Bittman* v. *Bittman*, 20 Ohio Law Abs., 274; and *Pengelly* v. *Thomas*, 51 Ohio Law Abs., 417 (reversed on different grounds, 151 Ohio St., 51); all cited by the appellee. In the latter two of the cited cases it is held that this rule is mandatory and that if the remand has been merely for further proceedings it would constitute prejudicial error for the court to try the case from the beginning. An examination of the three cited cases reveals, however, that in each the "first error" committed was an error of law. In the case of *Commissioners* v. *Carey, supra,* the error was by the court in concluding that after arbitrators had arrived at an award, the submission to the arbitrators could be revoked by one of the parties. In the *Bittman case*, the "trial court erroneously refused to grant the request for separate finding of facts and conclusions of law." In the *Pengelly case* "the errors committed by the court occurred at the time that he drew his conclusions of law and upon the determination made therefrom in the light of the facts *which had been determined.*" (Emphasis added.) Each of these cases was tried to a court without a jury. Of similar effect are the cases of *Shunk* v. *Shunk Mfg. Co.*, 86 Ohio App., 467, and *Chapman* v. *Park Lane Villa*, 60 Ohio Law Abs., 320, in each of which a jury had been waived, and the "first error" committed was that of the court in failing to make findings of fact and conclusions of law when seasonably requested.

The rule of these cases is not, and cannot be, universally applicable. We observe that if a case originally tried to a jury were remanded merely for further proceedings, and the error found occurred prior to verdict, it might not be possible, as a matter of law, or practicality, to proceed only from the point where the first error was committed. In those cases where the parties had a right to trial by jury, and the Court of Appeals reversed the judgment of the lower court on the weight of the evidence, and the facts were disputed, or the evidence conflicting, it has been uniformly held that the appellate court could neither enter final judgment nor direct the trial court to enter

final judgment, but that the cause must, in such cases, be remanded for a new trial from the beginning. *Emery's Sons* v. *Irving National Bank*, 25 Ohio St., 360, 18 Am. Rep., 299; *Nyiry* v. *Modern Brotherhood of America*, 92 Ohio St., 387; *Jones* v. *Harvout*, 16 Ohio App., 106. See, also, *Bridgeport Bank Co.* v. *Shadyside Coal Co.*, 121 Ohio St., 544.

The case here on appeal is a divorce action triable to the court alone, but the only error found on the first appeal was that the final decree of the trial court was "manifestly against the weight of the evidence," *i. e.*, that the trial court had committed an error of fact and not of law. In our opinion, when an appellate court has reversed the judgment of a trial court in an action tried to the court, without a jury, and remanded the cause to the trial court for further proceedings, there is a proviso implicit in the rule of law that requires a trial court to proceed only from the point where the first error was committed, *i. e.*, provided that if by so proceeding the trial court can thereby correct and overcome the error for which the judgment was reversed. We are further of the opinion that when the trial court is permitted or required to proceed to final judgment from the point where the first error is committed, and may and does in so proceeding start at the point in the case where all the evidence has been introduced and the parties have rested their respective cases, then the trial court may not arrive at any different conclusions on the evidence than it did at the first trial except to correct and overcome the specific error or errors found by the Court of Appeals.

In the original trial of this cause, although the trial court did not specifically find on the issues of extreme cruelty and habitual drunkenness, such were made issues in the case, both by the pleadings and the evidence, and, it not affirmatively appearing that the trial court did *not* pass upon these issues, it is presumed that the trial court did consider and dispose of them. *Kilgore* v. *Emmitt*, 33 Ohio St., 410. See, also, *Strangward* v. *American Brass Bedstead Co.*, 82 Ohio St., 121, and *Pengelly* v. *Thomas, supra.* Having in its original judgment granted a divorce solely on the ground of gross neglect of duty, it follows that the trial court, having tried the other issues, concluded that the grounds of extreme cruelty and habitual drunkenness did not exist. We are therefore of the opinion that, contrary to

the claim of the plaintiff, the issues of extreme cruelty and habitual drunkenness had been tried and determined by the trial court at the original trial.

Since the judgment of the trial court granted the divorce solely on the ground of gross neglect of duty, the determination of error by this court, that the judgment of the trial court was against the weight of the evidence, could have reference only to the ground of gross neglect of duty. Regardless of the scope of the assignments of error on the first appeal, there was no determination of error which could be construed to have reference, in any respect, to either the ground of extreme cruelty or the ground of habitual drunkenness. In order for the trial court to proceed from the point where error was first committed, as determined by this court, and to correct and overcome the error, and the only error, thus determined, it could only proceed by finding that on the evidence adduced the defendant was not guilty of gross neglect of duty and enter judgment on the petition in favor of the defendant. It is inconceivable that a trial court would be permitted to arrive at two different conclusions of fact on the same evidence unless it had been determined that the first conclusion was erroneous.

Although the phrase, "further proceedings according to law," would not, in our opinion, permit the trial court to arrive at the judgment appealed from, we do not intend, by this decision, to say that it would not encompass more than merely proceeding to judgment from the point at which the first error occurred. The phrase is broad enough to also include the dismissal of the petition on the motion of plaintiff, the dismissal of the petition on the failure of plaintiff to prosecute his action, orders as to child custody, support and alimony, pendente lite, costs, etc. And, in appropriate cases, where the remand does not specify "new trial" in the alternative, as it did here, the phrase, "further proceedings according to law," includes new trial.

We conclude that the trial court committed error prejudicial to the defendant, appellant herein, in rendering judgment granting a divorce to plaintiff on the grounds of habitual drunkenness and extreme cruelty without a new trial, and that the judgment of the trial court should be reversed and this cause remanded thereto for new trial, or further proceedings according to law.

This view of the cause being entirely dispositive of the other errors assigned, we will not separately dispose of them.

*Judgment reversed and cause remanded.*

MIDDLETON, J., concurs.

YOUNGER, P. J., dissenting. I am of the opinion that the action of the trial court upon remand was proper and that its judgment in decreeing a divorce upon the grounds of extreme cruelty and habitual drunkenness is amply supported by the evidence in the record before us.

The Court of Appeals upon the first hearing of this matter found error in one respect only. That was that the finding of the court on the ground of gross neglect of duty was manifestly against the weight of the evidence, and the court added, "this court does not find any other errors apparent upon the record." Since there was no error in the trial court on the admission or rejection of evidence and no error as to the rulings of the trial court on the various motions and objections made, the first and only error that intervened occurred in the ratiocinations of the trial judge when he decided to issue a decree upon the first ground alleged in the petition. And, there being no other error in the record, it was entirely proper for the trial court, under the two options given to it by the Court of Appeals, to consider the case upon the record of the first trial, especially so in the absence of any request or motions on behalf of either of the parties for a trial *de novo*.

The Supreme Court of Ohio said in 1853 in *Commissioners of Montgomery County* v. *Carey*, 1 Ohio St., 463, 466:

"* * * And we are all of opinion that the judgment of the Court of Common Pleas, having been reversed for an error committed at a subsequent stage of the proceedings, the cause may be taken up by the court below, at the point where the first error was committed, and proceeded with, as in other cases, to final judgment; and that it was not necessary, upon such further hearing, upon procedendo, to introduce new or other proof of what was thus ascertained from the record."

The Court of Appeals for Cuyahoga County has said in *Richman Brothers Co.* v. *Amalgamated Clothing Workers*, 101 Ohio App., 459, 465:

"It should be emphasized, we think, that the action of this court in reversing this cause and remanding it for further proceedings had the effect of reinstating the cause to Common Pleas Court *in statu quo ante.* In other words, the compelling and inevitable effect of our reversal and order of remand is to reinstate the cause to the docket of the Common Pleas Court in precisely the same condition that obtained before the dismissal of the petition when it came on for final hearing."

I disagree with the majority here when it concludes that "Having in its original judgment granted a divorce solely on the ground of gross neglect of duty, it follows that the trial court, having tried the other issues, concluded that the grounds of extreme cruelty and habitual drunkenness did not exist."

I do not agree that the presumption as to conclusiveness of judgments has any bearing on this case while it is under appeal and in this I think I am supported by the following statement from 31 Ohio Jurisprudence (2d), 709, Section 253:

"Numerous references are made in the cases to the 'finality of judgments.' This is applicable to judgments of trial courts, even though subject to appeal, as long as the judgment remains unreversed, unmodified, and unvacated * * * a judgment upon the merits, rendered by a court of competent jurisdiction, is a final determination or adjudication of the claims and rights of the parties; * * * of the issues, or material facts, of matters necessarily, properly, or directly in issue; and, under proper circumstances, of questions which might have been litigated therein, * * *. Such a judgment is conclusive and binding as between the parties and privies, though subject to vacation or modification, while the judgment remains in force—that is to say, *unless an appeal has been taken,* or until the judgment is reversed or set aside by a direct proceeding for that purpose in a court of competent jurisdiction." (Emphasis added.)

In direct contrast to the presumption indulged in by the majority herein, it can, with better logic, in my opinion, be presumed that having heard the evidence as to all the issues presented, the trial court held that the grounds of extreme cruelty and habitual drunkenness did exist, as it subsequently did find on the same evidence, but preferred to grant the divorce upon the innocuous or more common ground of gross neglect. This is a very common custom of trial judges in divorce cases and is so

recognized in the texts, as, for instance, the following from 17 American Jurisprudence, 517, 518, Section 373:

"* * * While the practice of drawing full and explicit findings upon every issue is to be encouraged, there are cases where no interest would be thus served. The omission may be excused where the findings, although drawn with all the modesty that chaste expression permits, would yet make a record that might stand to shame the victim of a hapless marriage."

In my opinion, the judgment of the trial court should be affirmed.

YOUNGER, P. J., GUERNSEY and MIDDLETON, JJ., of the Third Appellate District, sitting by designation in the Sixth Appellate District.