In re the MARRIAGE OF Ruth
RICKARD and Cliff L.
Rickard,

Ruth RICKARD,
Petitioner-Appellant-Respondent,

v.

Cliff L. RICKARD,
Respondent-Respondent-Appellant.

Nos. 14161, 14163.

Missouri Court of Appeals,
Southern District,
Division One.

March 31, 1986.

H. Lynn Henry, Henry, Henry & Henry, P.C., David H. Dunlap, West Plains, for petitioner-appellant-respondent.

David G. Neal, Eminence, for respondent-respondent-appellant.

FLANIGAN, Judge.

This action for dissolution of marriage was instituted by Ruth Rickard against her husband Cliff L. Rickard. The parties were married on Sepember 20, 1967, and separated on August 21, 1983. No children were born of the marriage. In its decree, entered January 12, 1985, the trial court (a) dissolved the marriage; (b) set aside to the wife, as her "sole and separate nonmarital property," assets which the court valued at $1,190; (c) set aside to the husband, as his "sole and separate nonmarital property," assets which the court valued at $1,181,-285.37; (d) classified other assets as "marital property," valued them at $340,986, and awarded all of them to the husband; (e) ordered the husband to pay the wife $180,-000 in cash, "said payment being in lieu of [the wife's] interest in the marital property"; (f) ordered the husband to pay the wife the sum of $500 per month, commencing December 1, 1984, as maintenance; and (g) ordered the husband to pay the wife $7,000 as "additional attorney's fees." The wife had previously been awarded $3,000 in temporary attorney's fees. The wife and the husband separately appeal.

Prior to the marriage the husband owned a fifty percent interest in a partnership known as Ozark Gas Company. The other partner, also owner of a fifty percent interest, was George King. The business of the partnership prospered, both before and during the marriage. During the marriage the husband and King, as partners, entered into additional operations which also proved profitable.

In *Hoffmann v. Hoffmann,* 676 S.W.2d 817 (Mo. banc 1984), the supreme court adopted the "source of funds" rule with respect to the classification of property as "marital" or "nonmarital." In *Sumners v. Sumners,* 701 S.W.2d 720, 725[2] (Mo. banc 1985), the supreme court held that the rule applied to a dissolution action which was tried prior to the publication of the *Hoffman* opinion and was pending on appeal at the time of that publication. In *Sumners* it was necessary to remand the proceeding to the trial court because the record had

not been developed sufficiently to permit application of the source of funds rule. Such is the situation here.

Able counsel on both sides cooperated in listing various assets and in agreeing upon their respective values. At the time the evidence was presented,however, neither counsel nor the trial court knew that the source of funds rule would strongly influence, if not control, the property issues. At oral argument both sides agreed, although for different reasons, that it was appropriate for this court to reverse and remand. Because the awards of maintenance and attorney's fees were related to classification and distribution of the property, those awards must also be reversed.

That portion of the decree dissolving the marriage of the parties is affirmed. In all other respects the judgment is reversed and the cause remanded for retrial.

TITUS, P.J., and GREENE, J., concur.