STATE of Missouri, ex rel. Cliff L. RICKARD, Relator,

v.

The Honorable Al F. TURNER Circuit Judge 44th Judicial Circuit, Respondent.

No. 14788.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 17, 1986.

David G. Neal, Eminence, for relator.

H. Lynn Henry, Henry, Henry & Henry, P.C., West Plains, for respondent.

---

ORIGINAL PROCEEDING IN PROHIBITION

PREWITT, Presiding Judge.

The underlying dissolution of marriage action in this prohibition matter was remanded "for retrial" on the issues of distribution of property, maintenance and attorney's fees. See *In re the Marriage of Rickard*, 708 S.W.2d 344 (Mo.App.1986). This occurred because the "source of funds" rule became effective after the trial and the record was not sufficiently developed to permit the application of that rule on appeal.*

Following remand Ruth Rickard requested a change of judge under Rule 51.05. The question here is whether she is entitled to it. When respondent indicated that he would sustain the request, pursuant to relator's petition, this court issued a preliminary order in prohibition.

A judge may be removed under Rule 51.05 following remand "only if the appeals opinion directed proceedings for a new trial on the cause of action, or on a component issue or an equivalent." *D.E.J. v. G.H.B.*, 631 S.W.2d 113, 118 (Mo.App.1982).

Provisions of a dissolution decree as to property, maintenance, and attorney's fees are separable issues. *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168, 170–171 (Mo.App.1978). When a "new trial" is ordered as to any of these issues, a request for change of judge may properly be made. Id.

The remand was not for taking additional evidence as to certain issues, but for a retrial on those issues. In ordinary usage, "retrial" is synonymous with "new trial". *Miller v. Miller*, 114 Ohio App. 234, 181 N.E.2d 282, 284 (1960); Black's Law Dictionary 1184 (5th ed. 1979).

If the remand had been for amplification of the record by the taking of additional testimony a different result might have been reached. Cf. *In re Marriage of*

---

* Where the record has been sufficiently developed the source of funds rule has been applied here without remand. See *In re Marriage of Herr*, 705 S.W.2d 619 (Mo.App.1986).

*Crossland,* 620 S.W.2d 40 (Mo.App.1981). However, as both the opinion and the mandate provided for a "retrial" on property distribution, maintenance, and attorney's fees, they contemplated a complete new trial on those issues and entitled Mrs. Rickard to a change of judge.

Our preliminary order is dissolved.

FLANIGAN and MAUS, JJ., concur.

HOGAN, J., disqualified.