BINGAMON, Exr., Appellee,

v.

CURREN, Appellant.

[Cite as *Bingamon v. Curren* (1992), 83 Ohio App.3d 711.]

Court of Appeals of Ohio,
Greene County.

No. 92–CA–31.

Decided Nov. 19, 1992.

*J. Timothy Campbell,* for appellee.

*Conrad A. Curren, pro se.*

FAIN, Presiding Judge.

Defendant-appellant Conrad A. Curren appeals from a judgment in favor of plaintiff-appellee Maynard Bingamon, executor, on Bingamon's claim against Curren for legal malpractice. In a prior appeal, this court remanded the cause to the trial court to determine the issue of Curren's statute of limitations defense. *Bingamon v. Curren* (Nov. 21, 1991), Greene App. No. 90–CA–122, unreported, 1991 WL 254649. On remand, a referee reported and recommended that the

statute of limitations was not a bar to the action, and judgment was entered accordingly.

Curren appeals, arguing that the referee considered matters not properly before her, that the trial court erred in overruling Curren's objections to the appointment of the referee and her methods in reaching her conclusion, and that the trial court erred in entering judgment *nunc pro tunc* as of the date of the original judgment.

We conclude that the trial court properly overruled the objections to the report and recommendation, and that the trial court did not err in entering judgment *nunc pro tunc*. Therefore, the judgment of the trial court is affirmed.

## I

Bingamon retained Curren, an attorney, to represent him in connection with his administration, as executor, of the estate of Bingamon's father. Part of Curren's responsibility was to file federal and state tax returns for the estate and to make appropriate elections such as the Continuing Agricultural Use Valuation ("CAUV") election for farmland. However, Curren filed the returns late; the late filing resulted in the denial of the CAUV election, which, in turn, caused additional taxes for the estate. In addition, the estate incurred interest and penalties for late filing and late payment.

Bingamon ultimately filed a complaint for legal malpractice against Curren on August 9, 1989. The matter went to trial before Referee Richard Cartwright; in due course, a judgment was entered in favor of Bingamon. Curren appealed, raising five assignments of error; four were overruled, but the assignment of error relating to the statute of limitations was sustained, and the cause was remanded for consideration of the affirmative defense of the statute of limitations.

The matter was referred to Referee Catherine Barber. She filed her report, finding that the evidence adduced in the first hearing established that the statute of limitations did not bar the action. Referee Barber recommended that the judgment be retroactively reinstated with interest accruing as of the date of the entry of the original judgment. Curren filed objections to the report. The trial court overruled the objections and adopted the referee's report in its entirety. Curren appeals.

## II

Curren's first assignment of error is as follows:

"The lower court erred in its entirety by considering post-trial matters and other evidence not properly before it."

■ Curren first argues that the referee considered the appellate briefs of the parties from the first appeal, and relied on matters within those briefs in making her findings of fact. He argues, citing on *Miller v. Miller* (1960), 114 Ohio App. 234, 19 O.O.2d 108, 181 N.E.2d 282, that relying on the appellate briefs is outside the authority of the trial court and beyond the scope of the matter remanded for · consideration.

We find no error in the referee's reviewing the appellate briefs. While not essential in this case, it was not inappropriate for the referee to consider the briefs and the original opinion of this court in determining the scope of the issue remanded for consideration by the trial court. There is nothing in the record that supports the allegation that the referee relied upon matters outside the evidence in making her recommendation to the trial court. The scope of our remand was to consider and rule on the affirmative defense of the statute of limitations; that was done.

Curren further argues that the referee erred in basing her findings upon an unsigned photocopy of a letter of August 22, 1988, which was not specifically admitted into evidence by the trial court. This argument is not supported by the record. At the trial, various documents, including the August 22, 1988 letter, were introduced and admitted into evidence without objection and according to the stipulation of the parties. No objections were made, on any basis, when plaintiff's counsel ultimately offered the exhibits into evidence. Furthermore, Curren did not cross-examine Bingamon with regard to any of the letters. We conclude that the referee and trial court properly considered the letters in making a determination on the statute of limitations defense.

Curren's first assignment of error is overruled.

### III

Curren's second assignment of error is as follows:

"The lower court erred in failing to sustain defendant-appellants [*sic*] objections with repect [*sic*] to the appointment of and the methods employed by the substitute referee."

■ The original hearing in this matter was heard by Referee Richard Cartwright. After the cause was remanded by this court for determination of the statute of limitations defense, the trial court referred the matter to Referee Catherine Barber on December 20, 1991. The first objection Curren made to the reference to a new referee was in his objections to the report, which was filed on February 24, 1992.

Curren argues that, because no order was entered terminating the authority of the first referee, the second referee had no authority to make a report. This

argument is without merit. Civ.R. 53(A) specifically provides that "[t]he court may appoint one or more referees * * * to hear an issue or issues in any case * * *." The trial court had authority to appoint a different referee to determine the question of the statute of limitations.

■ Curren complains that the referee did not set a hearing on the question of the statute of limitations, but instead filed her report and recommendation based on the record already established. This argument is also without merit. The mandate from this court was for the trial court to address the issue of the statute of limitations. This court recognized that there was evidence before the trial court on the issue, but that the matter was not addressed either in the report or in the trial court's decision. The error of the trial court, as stated in our earlier decision, was that it "erred in *failing to address and rule on* the affirmative defense and on Curren's objection to the report and recommendations on the same grounds." (Emphasis added.) The proper action of the trial court was to proceed from the point where the error occurred, using the record before it to proceed to judgment. *Miller, supra,* 114 Ohio App. at 237–238, 19 O.O.2d at 109–110, 181 N.E.2d at 284–285. There was no need to hold further evidentiary hearings where the record reflected that the issue was addressed at the original hearing, but the report simply failed to include a resolution of the issue; the only requirement was for the trial court to make specific findings with respect to the statute of limitations defense. That was done.

■ Curren also argues that the Due Process Clauses of the state and federal Constitutions require that the referee who renders a report and recommendation shall be the same referee who has seen and heard the witnesses. This argument is without merit, if for no other reason than that it is the trial court, not the referee, who makes the decision. The referee, rather than deciding the issue, simply makes a factual report and a recommendation to the judge; the judge has the responsibility for considering, appraising, and understanding the evidence, reviewing the record, and making an independent decision. The decision of the court demonstrates that it did so. The fact that two referees were involved does not violate due process.

Curren's second assignment of error is overruled.

## IV

Curren's third assignment of error is as follows:

"The lower court erred in granting judgment herein retroactively to the date of judgment reversed by the appellate court."

■ Curren argues that the fact that interest was calculated from the date of the original judgment penalizes a litigant who exercises his right to appeal. He ignores the converse fact that not to calculate interest from the date of the original judgment would penalize the litigant whose position is upheld on appeal.

Interest on judgments is governed by statute. R.C. 1343.03 provides that interest on judgments shall accrue at the rate of ten percent per annum,[1] and that the rate of interest "shall be computed from the date the judgment, decree, or order is rendered to the date on which the money is paid." R.C. 1343.03(B). The General Assembly, while mandating that the date from which interest accrues is the date the judgment is rendered, did not specify a different result in the event of an appeal.

It has been held that when, on remand following appeal, a judgment for money damages is modified as to its amount, it is proper to compute interest on the modified judgment based upon the date of the original judgment, and the amount of the judgment as modified. *Viock v. Stowe Woodward Co.* (1989), 59 Ohio App.3d 3, 569 N.E.2d 1070, paragraph three of the syllabus. There would be even more reason for the interest to run from the date of the original entry of judgment where, as here, the amount of judgment was not an issue on appeal, and neither the initial appeal, nor the proceedings upon remand following the initial appeal, disturbs the original amount of the judgment.

Curren's third assignment of error is overruled.

V

All of Curren's assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILSON and BROGAN, JJ., concur.

■

---

1. If a written contract provides a different rate, the judgment creditor is entitled to that rate of interest.