**Lowell K. WOOD, Plaintiff-Respondent,**

**v.**

**Nancy V. WOOD, Defendant-Appellant.**

No. 31726.

St. Louis Court of Appeals.

Missouri.

April 21, 1964.

Rehearing Denied April 29, 1964.

Charles M. Shaw, Claude Hanks, Clayton, for plaintiff-respondent.

Milton F. Napier, Claude W. McElwee, St. Louis, for defendant-appellant.

DOERNER, Commissioner.

This is an appeal from a final order and judgment modifying that part of a decree of divorce regarding the custody and support of the parties' minor child.

The transcript reveals that the custody of their minor son, Lowell K. Wood, Jr., has been the subject of repeated proceedings between the parties since the original decree of divorce was granted to defendant on January 14, 1959. The view we take of the case makes it unnecessary to dwell at length upon the successive modifications of that decree. It is sufficient to say that by the original decree the custody of the child was awarded to defendant, and certain rights of temporary custody were given to plaintiff. Subsequently, by either contested proceedings, or by stipulations consenting thereto, the original decree with respect to custody and child support was modified by orders made on April 14, 1960; November 3, 1961; and January 11, 1963. The order made on the last mentioned date directed that plaintiff was to have the exclusive and undisturbed custody of the child until the " * * * middle of the vacation period of 1963 * * * "; defendant was to have custody from the middle of the 1963 vacation period until the middle of the 1964 vacation period, " * * and each party to have successive rights of custody alternately thereafter." It was further ordered therein that plaintiff and defendant were to have temporary custody on alternate weekends, from 9:00 A.M. on Saturday to 6:00 P.M. on Sunday, " * *

except during summer vacation periods when each party shall have unrestricted and undisturbed custody of said child. * * *"

Matters thus stood until June 7, 1963, when plaintiff filed a motion to modify the decree, in which he alleged that the health, welfare and educational standing of the child had greatly improved during the time the minor was in plaintiff's custody; that the child desired to remain with plaintiff; that the defendant was emotionally unfit to care for the child; that the environment wherein defendant resided was unsatisfactory and improper for the rearing of a minor child; that the conditions had grown worse since the previous order of court, and that to require plaintiff to surrender custody to defendant would greatly affect the child by seriously impairing his education, welfare, and mental and physical health. The prayer was that plaintiff be granted sole and permanent custody.

On June 20, 1963 defendant filed an application for the disqualification of the judge presiding in Division No. 16 of the court, in which division the motion was pending, on the grounds of bias and prejudice on the part of the judge, which defendant stated she had first ascertained on the preceding day; and defendant requested the court to call in another judge to sit in the case. The application was presented and denied on the same day. Thereafter, on July 2, 1963, defendant filed an answer to plaintiff's motion to modify wherein she alleged that the matters stated in the motion had been fully adjudicated by the order of January 11, 1963, and were res adjudicata. A trial was held on July 5, and on July 12, 1963, the court entered an order giving plaintiff permanent custody of the child, and providing that defendant was to have temporary custody at certain specified times. Support money was limited to the month during the vacation period when defendant was to have temporary custody. Following an unavailing motion for a new trial, defendant appealed.

The first, and in our opinion the decisive, point raised by defendant is that the court erred in failing and refusing to disqualify himself, and in declining to call in another judge, when so requested by defendant. In support of her argument defendant cites Civil Rule 51.03(b), V.A.M.R. and Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323. In that case it was held that a motion to modify a divorce decree is a "civil suit" within the meaning of those words as used in the statute superseded by Civil Rule 51.03; and that a proper and timely application to disqualify should be sustained when filed in such a proceeding. Plaintiff concedes that defendant's application was timely filed and presented, and that it was in proper form. Plaintiff also recognizes the force of the ruling in Hayes v. Hayes, supra. But he seeks to distinguish the instant case from its determinative effect on the grounds that prior to the modification by consent on January 11, 1963 (presumably when a motion was pending), the defendant had disqualified one judge and the plaintiff another; that the various motions to modify were all part of one continuing proceeding or cause of action; and that by Civil Rule 51.03(a) only one change of venue or disqualification may be granted to either party in any one cause of action. Parenthetically, we note that the limitation in Civil Rule 51.03(a) is to one change of venue. Whether the limitation governs disqualifications provided for in 51.03(b) we need not decide.

The transcript does not show that either party filed an application to disqualify prior to the entry by consent of the order of January 11, 1963. It would make no difference if it did. A motion to modify a decree of divorce is in the nature of an independent proceeding, and the motion is treated as a petition in an original action. North v. North, 339 Mo. 1226, 100 S.W.2d 582, 109 A.L.R. 1061; Hayes v. Hayes, 363 Mo. 583, 252 S.W.2d 323. A claim upon which relief can be granted must be stated in the motion. Wilton v. Wilton, Mo.App., 235 S.W.2d 418; Olson v. Olson, Mo.App., 184 S.W.2d 768. The movant must not only plead, but prove, such a change of condition that the welfare and best interests of the child will be beneficially affected by a modification. Thomas v. Thomas, Mo.App., 357 S.W.2d 208; McCoy v. Briegel, Mo.App., 305 S.W.2d 29. And the order is such a final judgment that on a succeeding motion matters which happened before the prior motion are res adjudicata. Hawkins v. Thompson, Mo. App., 210 S.W.2d 747; Wilton v. Wilton, supra. Being a final judgment, a motion for a new trial is necessary; otherwise appellate review is limited to the record proper. Hayes v. Hayes, supra; Olson v. Olson, supra. From these attributes of a motion to modify, it is apparent that regardless of the number which may be filed successively, each is a separate and independent proceeding, in no way related to or connected with a prior motion. As a matter of fact, the motion under consideration in Hayes v. Hayes, supra, was not the first motion to modify the original decree, but the second.

It follows that the court erred in overruling the defendant's application for his disqualification. Accordingly, the judgment should be reversed and the cause remanded for a new trial before another judge, in accordance with the Civil Rules. The Commissioner so recommends.

**PER CURIAM:**

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause remanded for a new trial before another judge, in accordance with the Civil Rules.

WOLFE, Acting P. J., ANDERSON, J., and R. KENNETH ELLIOTT, Special Judge, concur.