**Charles Edward BASS, Plaintiff-Appellant,**

v.

**Patricia Ann BASS, Defendant-Respondent.**

**No. 34509.**

Missouri Court of Appeals,
St. Louis District.

March 6, 1973.

Motion for Rehearing or Transfer Denied
April 6, 1973.

Shaw & Howlett, Keith W. Hazelwood, Terry I. Flanagan, Clayton, for plaintiff-appellant.

Daniel W. Brown, Daniel P. Reardon, Jr., St. Louis, for defendant-respondent.

---

DOWD, Chief Judge.

This is an appeal from a denial of plaintiff's motion to modify a divorce decree which asked that the custody of a four year old child be transferred to plaintiff. The court denied the motion and plaintiff appealed.

On August 24, 1970 plaintiff was granted a decree of divorce and the defendant-mother was awarded custody of their child. Plaintiff was granted reasonable rights of visitation including custody of the child for one month during the summer vacation each year. At the time of the divorce decree, defendant and the child resided in Florida, and the order included a provision that defendant pay for the child's trip to Missouri each year.

This court stated in Smith v. Smith, 435 S.W.2d 684 (Mo.App.1968), at 685:

" * * * The decision of a trial court in custody matters, when tested by appeal, comes weighted with the inference that the court has properly exercised its judicial discretion in determining the best interests of the child, and unless such discretion has been abused, or unless we can point to some reason for not deferring to the findings of the trial court or, of course, unless this court is convinced that the welfare of the child requires some other disposition, the decree should not be disturbed."

The movant must plead and prove such a change of conditions that the welfare and best interests of the child will be served by granting a modification. Wood v. Wood, 378 S.W.2d 237, 239 (Mo.App.1964).

From our examination of the record, we are convinced that there is no evidence of any change of circumstances since the divorce decree. Nor do we feel that plaintiff proved his allegation that defendant is an unfit mother. Though there was some discrepancy in the testimony, we must give due deference to the decision of the trial judge who had the opportunity of seeing and hearing the witnesses. We cannot say that his judgment was clearly erroneous.

We feel the trial court did not abuse its discretion in determining the best interests of this child and can find no reason not to defer to its findings. An extensive opinion would have no precedential value. The judgment is affirmed.

WEIER, CLEMENS and McMILLIAN, JJ., concur.