**David Ray HOUGH, Respondent,**

v.

**Katherine L. HOUGH (Stewart), Appellant.**

**No. WD 44367.**

Missouri Court of Appeals, Western District.

Nov. 12, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 24, 1991.

Cenobio Lozano, Jr., Harrisonville, for appellant.

John L. Pursley, McNabb & Pursley, Butler, for respondent.

Before LOWENSTEIN, C.J., and SHANGLER and TURNAGE, JJ.

TURNAGE, Judge.

David Hough filed a motion to modify a dissolution decree to change custody of two minor daughters from the mother, Katherine, to himself. The court entered judgment modifying the decree by changing the custody and Katherine appeals. Katherine contends the court was without jurisdiction to enter judgment because she had filed a timely application for change of judge. Reversed and remanded.

In *Hough v. Hough*, 794 S.W.2d 252 (Mo. App.1990), this court reversed a prior judgment entered on the same motion for failure to appoint a guardian ad litem for the children. This court remanded the cause for a new trial. *Id.* at 254.

When the cause was returned to the trial court, Katherine filed a timely motion for change of judge. The motion alleged that the judge, who was the judge who had entered the original modification decree which was reversed, was biased and prejudiced against her. The motion did not cite any rule or statute.

A hearing was held on the motion for change of judge in which Katherine's attorney attempted to prove the allegations of the motion.[1] After hearing the evidence the court overruled the motion for change of judge and, thereafter, ordered a temporary change of custody of the children and after an evidentiary hearing entered judgment changing custody from Katherine to David.

The parties agree that a change of judge was proper in this case after the judgment was reversed and the cause was remanded for a new trial under the holding in *State ex rel. Horridge v. Pratt*, 563 S.W.2d 168, 171[3] (Mo.App.1978).

On this appeal, Katherine contends the judge did not have jurisdiction to adjudicate the motion for change of custody because a timely motion for change of judge had been filed. David contends the motion for change of judge was properly denied because Katherine in that motion did not rely upon Rule 51.05 for a change of judge without cause, but rather relied on § 508.090, RSMo 1986, which allows a change of judge because of the interest or prejudice of the judge.

The question presented is whether or not the motion which alleged the bias and prejudice of the judge should have been considered under § 508.090, or whether it should have been considered as a motion under Rule 51.05. No case has been cited or located which has decided this question.

Prior to September 1, 1973, when Rule 51.05 became effective, Rule 51.03 allowed a disqualification of a judge if either party alleged that the judge was interested or prejudiced. At that time the statute and rule both required interest or prejudice. Effective September 1, 1973, Rule 51.05 provided that a change of judge shall be ordered in any civil action upon the timely filing of a written application. The rule provides that the application need not allege or prove any cause for a change of judge. Section 508.090 was last amended in 1957 and provides that a judge may be disqualified in any civil suit if the judge is interested or prejudiced. When applied to the time period in which Rule 51.05 allows a motion for a change of judge to be filed, the rule and statute became incompatible because the rule allows a change without cause, while the statute requires an allegation of interest or prejudice.

■ In *State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423, 426[3, 4] (Mo. banc 1978), the court stated that Art. V, § 5 of the Missouri Constitution provides that the supreme court may establish rules of procedure which shall not change substantive rights. The court further stated:

> Where such a rule adopted by this court under the express authority of the constitution is inconsistent with a statute and has not been annulled or amended by later enactment of the legislature, the rule supersedes that statute.[2]

During the time within which Rule 51.05 applies, a party may obtain a change of judge without any cause, whereas if § 508.090 is followed a party would be required to allege and prove prejudice. In that event Rule 51.05 supersedes § 508.090 in the time frame within which Rule 51.05 allows a change of judge without any cause because the two are in conflict. Thus, during the time period that Rule 51.05 applies, a motion for a change of judge should be treated as a motion filed under the provision of the rule and any allegation of cause should be treated as surplusage. In this case, the trial judge should have treated the allegations of bias and prejudice as surplusage and treated the motion as one under Rule 51.05. If the motion were treated as being a request for a change of judge under Rule 51.05, the motion was sufficient and timely and the judge had no choice but to grant the motion.

■ After a timely motion for a change of judge was filed the judge was without jurisdiction to hear and rule on the motion to modify or any other matter filed prior to the motion seeking the change of judge.

---

1. The attorney who filed the motion for a change of judge is not the same attorney who represents Katherine on this appeal.

2. Rule 41.02 is to the same effect.

*State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943–44[4] (Mo. banc 1986).

It is unfortunate that the motion for change of judge alleged prejudice as a ground and that the attorney representing Katherine attempted to prove such allegation at the hearing. However, under Rule 51.05 Katherine was entitled to a change of judge upon the timely filing of a written application without alleging or proving any cause and the judge should have granted the motion. When the judge failed to grant the motion for change of judge, he was thereafter without jurisdiction and the entry of judgment modifying the dissolution decree is a nullity.

The judgment is reversed and this cause is remanded with directions that the judge enter an order granting a change of judge. Thereafter, the motion to modify shall be heard and decided by the new judge.

All concur.