Louise Diana ANDERSON,
Petitioner–Respondent,

v.

Mark R. ANDERSON, Respondent–Appellant.

No. 18246.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1993.

Theodore L. Johnson, III, David A. Fielder, Lowther, Johnson, Joyner, Lowther, Cully & Housley, Springfield, for respondent-appellant.

Charles B. Cowherd, Taylor, Stafford, Woody, Cowherd & Clithero, Springfield, for petitioner-respondent.

GARRISON, Judge.

This is an appeal from a decree sustaining a motion to modify child support filed by Respondent (Louise). The three main issues raised by Appellant (Mark) are that the trial court erred in denying his request for change of judge, in modifying the amount of the child support award, and in ordering that the child support award be retroactive.

The marriage of Mark and Louise was dissolved in September 1987. Custody of their three minor children was awarded to Louise and Mark was ordered to pay child support of $1,200 per month. In July 1990, Mark filed a motion to modify seeking primary custody of the children. On September 6, 1990, Louise filed an answer and counter-motion to modify by which she sought an increase in the child support. The case was tried and a judgment was entered on March 14, 1991, by which Mark's motion to modify was overruled but Louise's counter-motion was sustained and child support was increased to $600 per month per child.

Mark appealed that portion of the judgment sustaining Louise's counter-motion. The court reporter, however, was unable to produce a transcript of the trial and this court remanded the case for a new trial on Louise's counter-motion. On the day following the remand, Mark filed a request for change of judge under Rule 51.05.[1] This request was overruled.

When the case was tried the second time in May 1992, Mark was unemployed. He had previously been employed by a closely-held Subchapter S corporation (J & L) which operated a beer distributorship. Mark owned 49% of the stock in J & L and his father owned the other 51%. Approximately three months prior to trial, Mark was arrested for possession of cocaine. At the insistence of the brewery for which they were a distributor, his employment with J & L was terminated and a purchaser of the distributorship was actively being sought.

According to the evidence, Mark's only income at the time of the second trial consisted of dividend payments from J & L of $1,995 which he received twice each month. In 1991, his W–2 earnings from J & L were $65,779.20 and he reported K–1 earnings from the corporation of $115,888. In 1990, he had W–2 earnings of $84,514.97 and a K–1 loss of $10,602; and in 1989, he had total income of $130,183, which included K–1 earnings of $83,792 from the corporation. As of the end of 1991, J & L had retained earnings of $857,673.

Louise was not employed during her nine-year marriage to Mark. Following the dissolution, she worked for three months doing

---

1. All references to rules are to Missouri Rules of    Court, V.A.M.R.

housecleaning at a nursing home. At the time of trial, she was working as a house-keeper at a motel four to twelve hours per week, earning $4.75 per hour. She did not want to work more hours until her youngest child, who was then five, started school.

The retrial resulted in a judgment increasing the child support from $400 to $600[2] per month per child for the period of March 15, 1991 through October 31, 1991, and increasing it to $637 per month per child beginning November 1, 1991. This appeal is from that judgment.

## POINT I

■ In his first point, Mark argues that the trial court was required to sustain his request for change of judge pursuant to Rule 51.05 and, as a result of its failure to do so, it was without jurisdiction to retry Louise's counter-motion to modify. He relies primarily on the cases of *State ex rel. Rickard v. Turner,* 721 S.W.2d 781 (Mo.App.1986), and *Hough v. Hough,* 819 S.W.2d 751 (Mo.App. 1991).

In *State ex rel. Rickard v. Turner,* this court held that a party was entitled to a change of judge under Rule 51.05 after a dissolution action was remanded for retrial on certain issues. The *Rickard* case, however, was decided under a prior version of Rule 51.05. At that time, the Rule required that an application for change of judge be filed at least thirty days before the trial date or within five days after a trial setting had been made, whichever was later (or if the trial judge was not then designated, within ten days after such designation). The current version of Rule 51.05, which has been in effect since January 1, 1990, no longer ties the timeliness of a request for change of judge to a trial setting. It provides:

(b) The application must be filed within thirty days after the answer is due to be filed if the trial judge is designated at the time the answer is due. If no answer is required to be filed, the application must be filed no later than thirty days after the

filing of the civil action. If the trial judge is not designated at the time the answer is due or, if no answer is due, within thirty days after the filing of the civil action, the application must be filed no later than thirty days after the designation of the trial judge and notification to the parties or their attorneys. If the designation of the trial judge occurs less than thirty days before trial, the application must be filed prior to commencement of any proceeding on the record.

*Hough v. Hough, supra,* the other case relied on by Mark, on its face, is very similar to the instant case. In that case, a judgment modifying a dissolution decree was reversed and the case was remanded. After remand, one party filed what was described in the opinion as "a timely motion for change of judge." As in the case at bar, the judge sought to be disqualified was the same one who had entered the original modification decree. The court said that "[i]f the motion were treated as being a request for a change of judge under Rule 51.05, the motion was sufficient and timely and the judge had no choice but to grant the motion." *Id.* at 752. In *Hough* there was apparently no issue about the timeliness of the request because the court said "[t]he parties agree that a change of judge was proper in this case after the judgment was reversed and the cause was remanded for a new trial under the holding in *State ex rel. Horridge v. Pratt,* 563 S.W.2d 168, 171[3] (Mo.App.1978)."[3] In the instant case, however, there is an issue concerning the timeliness of the request for change of judge under Rule 51.05.

Louise contends that the request for change of judge was not timely because it was not filed within the time limits specified by Rule 51.05. The motion to modify was filed July 25, 1990 and the trial judge was designated on the same date; Louise's answer and counter-motion was filed September 6, 1990; the case was first tried on March 12, 1991; and the request for change of judge was not filed until November 22,

2. This amount is the same as that awarded by the trial court as a result of the first trial.

3. The *Pratt* case, however, is not controlling under the instant facts because it, like the *Rickard* case, was decided under the earlier version of Rule 51.05.

1991. The record reflects that the original trial judge was the only judge ever designated in the case.[4] Therefore, the permissible time for filing the request expired thirty days after the answer was due or, if no answer was due, thirty days after the filing of the motion to modify. In the instant case, the request for change of judge was not timely and this point is denied.

### POINT II

In Point II, Mark argues the trial court erred in finding a substantial and continuing change of circumstances so as to authorize a modification of the child support payments in that (1) Louise failed to present evidence of the children's expenses at the time of the dissolution; (2) the evidence did not show increased expenses for the children which would warrant increased child support; (3) the trial court erroneously calculated income in applying the child support guidelines; and (4) proper application of the child support guidelines results in child support less than that previously paid by Mark.

As in any court-tried case, we must affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Vance v. Vance*, 852 S.W.2d 191, 192 (Mo.App.1993); *Mendelsohn v. Mendelsohn*, 787 S.W.2d 321, 323 (Mo.App.1990). Due regard is given to the trial court's determination of the credibility of witnesses. Rule 73.01(c)(2); *Hoffmann v. Hoffmann*, 676 S.W.2d 817, 826 (Mo. banc 1984).

Louise, as the moving party, had the burden of showing a change of circumstances so substantial and continuing as to make the existing award unreasonable. § 452.370.1;[5] *Lyles v. Lyles*, 710 S.W.2d 440, 442 (Mo.App. 1986). Mark argues that to sustain her burden it was necessary for Louise to present evidence of the children's expenses at the time of the dissolution as well as at the time of trial to establish a change of circumstances or conditions authorizing a modification. Such evidence is not always required, however.

Section 452.370, in conjunction with Rule 88.01, governs modification of child support awards. Section 452.370 provides, in part:

1. ... [T]he provisions of any decree respecting maintenance or support may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable.... If the application of the guidelines and criteria set forth in supreme court rule 88.01 to the financial circumstances of the parties would result in a change of child support from the existing amount by twenty percent or more, then a prima facie showing has been made of a change of circumstances so substantial and continuing as to make the present terms unreasonable.

2. When the party seeking modification has met the burden of proof set forth in subsection 1 of this section, then the child support shall be determined in conformity with criteria set forth in supreme court rule 88.01.

Rule 88.01(e) provides that there is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 (Form 14) is the amount of child support to be awarded. A prima facie showing of changed circumstances sufficient to support a modification of child support is made, therefore, by showing that application of the Rule 88.01 guidelines would result in a change of child support by 20% or more. *Bell v. Gilliam*, 852 S.W.2d 198, 201 (Mo. App.1993); *Kieninger v. Kieninger*, 836 S.W.2d 515, 517–518 (Mo.App.1992); *Campbell v. Campbell*, 811 S.W.2d 504, 506 (Mo. App.1991).

---

**4.** There seems to have been a tacit understanding that the original trial judge, Judge Anderson, continued as the assigned judge after the first trial and even after the case was remanded. The parties appeared before Judge Anderson while the case was in this court on the original appeal and he entered an order allowing Louise temporary attorney's fees and suit monies *pendente lite*.

**5.** All references to statutes are to RSMo 1986, V.A.M.S.

In the instant case, a separate Form 14 was filed by each of the parties. Mark's Form 14 attributed $836 per month gross income to Louise (by imputing full-time work based upon her current part-time income) and $3990 as Mark's monthly gross income (the amount of his monthly distributions from J & L). According to Mark's form, the presumed child support would be $1156 per month and his portion would be $952.

The Form 14 submitted by Louise contained her actual gross income of $318 per month and attributed $15,139 gross income per month to Mark (his monthly income based upon his 1991 W–2 plus one-twelfth of his 1991 K–1 from J & L[6]) for a combined monthly income of $15,457. According to Louise's Form 14, the total presumed child support would be $2300, 98% of which ($2254) would be payable by Mark.

Louise's Form 14 contained a combined monthly income and presumed child support amount greater than the maximum shown in the schedule incorporated into the form. The maximum combined monthly income shown in the Form 14 schedule is $10,000, which results in a presumed child support obligation of $1950 per month for three children. While it is possible for a child support obligation to exceed that contained in the schedule, the maximum amount is presumed to be correct, based upon a combined monthly income of over $10,000, unless the trial court makes a finding that the maximum amount is unjust or inappropriate. *Mehra v. Mehra,* 819 S.W.2d 351, 354 (Mo. banc 1991); *M.L.H., by D.R.H. v. W.H.P.,* 831 S.W.2d 677, 683–684 (Mo.App. 1992). No such finding was made in the instant case. The evidence from which Louise made her Form 14 calculations, if accepted by the trial court, would result in an increase of the child support award of more than 20%. By this evidence, Louise met her burden to make a prima facie showing of a change of circumstances so substantial and continuing as to make the existing child support order unreasonable. *Bell v. Gilliam,*

852 S.W.2d at 201; *Kieninger v. Kieninger,* 836 S.W.2d at 518.

There was a dispute between the parties, however, concerning the correct amounts of monthly income which should be used in making the child support calculations under Rule 88.01. In a similar case, this court has said:

> If the parties do not agree upon the factually and legally proper amounts to be used to complete Form 14, then each party should submit a completed Form 14 embodying his or her contention of the factually and legally correct amounts. This will frame the factual and legal issues. The trial court must then determine those issues and calculate presumed child support in the manner provided by Form 14.... The trial court shall then consider all relevant factors.... If, as a result it finds the presumed child support amount to be "unjust or inappropriate", it must make a written finding or specific finding on the record to that effect. If it does not make such a written finding or specific finding, the trial court must award the presumed child support.

*Tuning v. Tuning,* 841 S.W.2d 264, 267 (Mo. App.1992).

In the instant case, the trial court did not make findings concerning the amounts of income it found to be correct for use in calculating the presumed child support under Form 14. We are unable to determine if the increase to $600 per month per child was arrived at by applying the guidelines for presumed child support under Form 14 and, if so, what income was found to be correct in making those calculations. Likewise, if the Form 14 guidelines were not used, there was no finding that their application would be unjust or inappropriate. A child support award which departs from the guidelines under Form 14 is ineffective unless there is also a finding that the amount so calculated would be unjust or inappropriate. *Beeman v. Beeman,* 816 S.W.2d 15, 17 (Mo.App.1991). It is necessary that the record permit us to deter-

---

**6.** The Directions For Use of Form 14 provide that, in calculating income from joint ownership of a partnership or closely-held corporation, income, expenses and retained earnings should be reviewed to determine gross income, and that this amount may differ from a determination of income for tax purposes.

mine the decisions made by the trial court regarding the calculations required under Form 14. *Bell v. Gilliam,* 852 S.W.2d at 202.

The decree also provided that from and after November 1, 1991 the child support would be $637 per month per child. This equates to $1911 per month. This same amount can be arrived at by multiplying the maximum amount of presumed child support ($1950) by the 98% which would be payable by Mark pursuant to Louise's Form 14. We presume this is what the trial court did in the instant case, but under the *Tuning* and *Bell* cases, the court was required to make findings as to the amounts of income it found to be correct for use in making the Form 14 calculations.

We are mindful that in court-tried cases where no findings of fact are made and the record supports the ruling, an appellate court may consider the facts as having been found in accordance with the result reached. Rule 73.01(a)(2). Application of this rule, however, has been denied in modification cases where the requirements of § 452.370 and Rule 88.01 have not been met. *See Kieninger v. Kieninger,* 836 S.W.2d at 518; *Campbell v. Campbell,* 811 S.W.2d at 506.

We are constrained to remand this case with directions to the trial court to enter its findings of the amounts of income it finds to be correct for the purposes of the Rule 88.01 and Form 14 calculations and to either award child support based upon the Form 14 calculations or, if the court finds that the amounts of child support which should be awarded, after considering all relevant factors, differs from that indicated by applying Form 14, it should make a finding that the presumed child support amount is unjust or inappropriate.

### POINT III

■ In his third point, Mark contends the trial court erred in ordering that the increased child support be applied retroactively. The issue of retroactive application of the award will likely arise when the trial court makes the additional findings, the absence of which has necessitated remand of this case. For the benefit of the trial court and parties on remand, and in an effort to avoid unnecessary future delays in this case, we will address the issue raised in this point.

The original trial of Louise's counter-motion to modify resulted in a decree on March 14, 1991 which increased the child support to $600 per month per child. Mark appealed that award but the case was remanded on November 20, 1991 through no fault of Louise's. On February 26, 1992, Louise's counter-motion was amended to request that any increase in child support be effective as of the date she filed her counter-motion, to wit: September 6, 1990. As a result of the second trial, the court ordered the child support increased to $600 per month per child from March 15, 1991 until October 31, 1991, and to $637 beginning November 1, 1991. Mark argues that retroactive application should be limited to the date it was requested by Louise, to wit: February 26, 1992.

■ Section 452.370.6 authorizes modification of child support "which accrued subsequent to the date of personal service." The trial court has discretion to determine the effective date for modified child support and that decision will not be reversed in the absence of a clear abuse. *Plunkett v. Aubuchon,* 793 S.W.2d 554, 559 (Mo.App.1990); *Wexelman v. Donnelly,* 782 S.W.2d 72, 76 (Mo.App.1989); *Reif v. Reif,* 750 S.W.2d 521, 522 (Mo.App.1988); *Brown v. Brown,* 537 S.W.2d 434, 437–438 (Mo.App.1976).

In *Wexelman v. Donnelly,* 782 S.W.2d at 76, the court, in quoting from *Stitt v. Stitt,* 617 S.W.2d 645, 648 (Mo.App.1981), said:

> ... [A]s opposed to adopting an inflexible rule that such modifications be made retroactive to a prescribed date ... such determination is best left to the discretion of the circuit court, thus enabling the court to consider all factors relevant to the issue and to in turn balance the equities as called for by the particular facts and circumstances of each case.

In the instant case, the trial court ordered the child support increased to. the same amount it had ordered when the case was originally tried and made it effective from the date of the original decree until October 31, 1991. The result provided the same relief

originally ordered until the approximate time the case was remanded for a new trial.

*Plunkett v. Aubuchon, supra,* is factually similar to the instant case. There, an earlier trial on a motion to modify had resulted in a child support award which was later vacated by the appellate court. The appellate court later approved a decree entered after a retrial which made the child support retroactive to the date of the first trial.

The order of the trial court as it relates to the effective dates of the increased child support was not an abuse of the trial court's discretion.

The judgment of the trial court is reversed and remanded for further proceedings not inconsistent with this opinion.

FLANIGAN and PREWITT, JJ., concur.