STATE of Missouri, ex rel. Russell
W. BURNS, Relator,

v.

Honorable Joseph A. GOEKE, III,
Division 34, Circuit Court for the
County of St. Louis, Respondent.

No. 65938.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 26, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 30, 1994.

Application to Transfer Denied
Oct. 25, 1994.

---

Frank J. Niesen, Jr., St. Louis, for relator.

Corrine R. Coston, Mary Ann Weems, Law Offices of Mary Ann Weems, Clayton, for respondent.

SMITH, Judge.

Relator, Russell Burns, seeks a writ of prohibition to disqualify respondent, Judge Goeke, from proceeding in the case of *Burns v. Burns,* No. 617431, a dissolution case pending in the Circuit Court of St. Louis County. We issued our preliminary writ in prohibition which we now quash.

Lenore Burns filed a petition for dissolution of marriage. Husband's verified answer denied the allegation that the marriage was irretrievably broken. Judge Goeke entered a decree of dissolution which was appealed. In *Burns v. Burns,* 872 S.W.2d 628 (Mo.App. 1994) we reversed the decree upon our finding that the evidence at trial did not support a finding of irretrievable breakdown of the marriage. We remanded the proceedings to the trial court for "further proceedings pursuant to § 452.320.2(2)". That section requires that the court conduct a further hearing and make a finding whether the marriage is irretrievably broken and enter an order of dissolution or dismissal accordingly.

Upon remand relator filed his application for change of judge pursuant to Rule 51.05, governing peremptory disqualification of a judge in a civil matter. Following a hearing on the motion, Judge Goeke denied the application. Petition for writ of prohibition followed and a preliminary writ issued.

Respondent has not raised the issue of timeliness of the application for change of judge. "Prohibition is an independent proceeding to correct or prevent judicial proceedings that lack jurisdiction." *State ex rel. Wesolich v. Goeke,* 794 S.W.2d 692 (Mo. App.1990) [1] (quoting *State ex rel. Raack v. Kohn,* 720 S.W.2d 941, 943 (Mo banc. 1986)). Jurisdiction would be lacking if the judge failed to disqualify himself upon a proper application. *Wesolich, supra* at [1]. A proper application is by definition a timely application, so we must initially raise the issue of timeliness whether addressed by the parties or not.

In *State ex rel. Horridge v. Pratt,* 563 S.W.2d 168 (Mo.App.1978) the court held that upon remand of a dissolution case for new trial on the issue of wife's maintenance a party was entitled to a change of judge pursuant to Rule 51.05. The court based its ruling in part on a criminal case decided by the Supreme Court, *State v. Sullivan,* 486 S.W.2d 474 (Mo.1972). The *Sullivan* court had based its decision upon then Rule 30.12 which authorized a change of judge upon an affidavit that the defendant could not receive a fair and impartial trial by reason of the interest or prejudice of the judge. With that rule in mind the *Sullivan* court held that the change of judge rule authorized disqualification of a judge by affidavit upon retrial of a case. In *Horridge* the court considered the criminal rule to be similar to Rule 51.05 and that it should receive the same construction as Rule 30.12. At the time of the *Horridge* decision Rules 30.12 and 51.05 were not identical. The criminal rule required an affidavit asserting the defendant could not receive a fair and impartial trial because of the interest or prejudice of the judge. The civil rule required only an unverified application without any allegation or proof of any cause for change of judge. Whether the dissimilarities in the two rules cast some doubt on the

validity of the *Horridge* result we need not decide. *Horridge* held that the issue to be decided was whether the proceedings on remand constituted a "new trial" or was simply to allow for the taking of additional evidence to amplify the prior record. That approach has been followed since *Horridge*. *See State ex rel. Rickard v. Turner*, 721 S.W.2d 781 (Mo.App.1986); *Hough v. Hough*, 819 S.W.2d 751 (Mo.App.1991); *D.E.J. v. G.H.B.*, 631 S.W.2d 113 (Mo.App.1982); *In re the Marriage of Crossland*, 620 S.W.2d 40 (Mo.App. 1981).

In 1993, the Southern District of this Court decided the case of *Anderson v. Anderson*, 861 S.W.2d 796 (Mo.App.1993). The court there decided that *Horridge* and its progeny had been decided on the basis of Rule 51.05 which had been amended after *Horridge*. The court concluded the amendment changed the focus of when the application for change of judge must be filed so that a Rule 51.05 motion would be untimely in any situation where it was sought on remand as to the same judge who initially tried the case. The court based its determination on the change of focus in the rule from the "date of trial" as the triggering date in the earlier rule to the due date of the answer as the triggering date in the present rule. Under the *Anderson* analysis the time for requesting a change of judge under Rule 51.05 is determined basically by when the judge is identified rather than by when the trial occurs. Under that analysis it is not necessary to determine whether a "new trial" is required or simply an amplification of the prior record. It is the identification of the judge which commences the time running.

We find no fault with the analysis of the *Anderson* court. The rule as it presently exists requires the parties to assess the acceptability of the trial judge within a short period after the judge's identity has been determined and move for a change of judge before any proceedings on the record begin. There is no real justification for allowing a party thereafter to move for a change of judge simply because the judge's rulings were contrary to the party's position. If true prejudice of the judge can be established, a remedy is available. See Rules 51.05(d) and 51.06(a). Judge Goeke was the identified judge during the original dissolution hearing and remained the hearing judge after the remand. Under the *Anderson* decision, relator's application for change of judge after remand was untimely.

Preliminary order of prohibition is quashed.

SIMON, P.J., and CRANE, J., concur.