**STATE of Missouri ex rel. Janet TROJAHN f/k/a Janet Potter, Relator,**

v.

**Honorable Frank A. CONARD, Judge, Circuit Court of St. Charles County, Missouri, Respondent.**

**No. 72519.**

Missouri Court of Appeals, Eastern District, Writ Division Seven.

July 15, 1997.

H. Clay Billingsley, St. Louis, for relator.

Gary S. Heggs, St. Charles, for respondent.

CRAHAN, Chief Judge.

Relator ("Mother") seeks a writ of prohibition commanding Respondent to rescind and vacate an order entered without notice in an action to modify a decree of dissolution. Upon considering the petition and suggestions in support and opposition, we dispense with further pleading and argument and issue a peremptory writ directing Respondent or his designated successor[1] to vacate the subject order.

A decree dissolving the marriage of Mother and Woodrow W. Potter ("Father") was entered in the Circuit Court of St. Charles County in October 1991, Cause No. CV191–2694DR. Mother was awarded custody of the parties' minor child, Jolene, and Father was granted visitation rights.

In January 1995, a motion for Determination of Grandparents' Visitation Rights was filed in the dissolution case by Jolene's paternal grandparents.

In March 1995, Mother filed a motion to modify the decree and a motion for contempt in the dissolution action.

In August 1996, Mother and her new husband, Michael Trojahn, filed a Petition for Adoption in the Circuit Court of St. Charles County, which was assigned Cause No. JU196–281A.

In September 1996, Father filed a cross-motion to modify and a cross-motion for contempt in the dissolution action.

On April 13, 1997, the Petition for Adoption, Cause No. JU196–281A, was called and heard before Respondent. At the time of this hearing, the motion for Determination of Grandparents' Visitation Rights and Mother's and Father's cross-motions to modify the decrees and for contempt remained pending and had not yet been set or noticed for hearing.

At the conclusion of the hearing in the adoption case, Father moved for a "directed verdict," which was granted, and Respondent entered an order dismissing the Petition for Adoption. In addition to entering that order,

Respondent, *sua sponte* and over objection as to lack of notice, announced that he was also entering an order in the dissolution case, Cause No. CV191–2694DR. That order, in its entirety, states:

> Based upon the evidence adduced during JU196–281A the Court finds:
>
> 1) [Mother] has willfully denied visitation of [Father] with Jolene Potter.
>
> 2) The denial of visitation is from the period of December 1, 1995 to the present day.
>
> 3) The action of [Mother] was a contemptuous disregard of this court's orders.
>
> Wherefore this court orders [Mother] to allow [Father] to have full visitation with his daughter immediately. Failure to resume normal visitation shall be grounds for transfer of primary custody to [Father].
>
> Motion to Modify set for a full hearing on June 3, 1997 Div. 4.[2]

A writ of prohibition will lie to prevent a court from changing a custody order without notice and a hearing. *In re Lipschitz,* 466 S.W.2d 183, 185 (Mo.App.1971). An order purporting to rule on a motion to modify without a hearing at which evidence is adduced is in excess of the court's jurisdiction. *Id.* In *Lipschitz,* we held that a trial court could not validly enter an order modifying custody based on evidence adduced in a separate contempt proceeding, even though a motion to modify had previously been filed, where there was no notice to the opposing party that evidence would be heard or considered on the motion to modify. *Id.* A motion to modify is an independent proceeding in which notice of the motion and the time it is to be called for hearing must be given to the party adversely affected. *Id.* Nothing in the Family Court Act, Section 487.010 *et seq.* RSMo 1994, dispenses with these fundamental requirements of due process.

Likewise in this case, we hold that Respondent exceeded his authority in entering an order in the pending modification

---

1. Relator has informed the court that Respondent has disqualified himself. However, we have not received a signed copy of such an order.

2. No hearing has yet been held on the motions to modify.

action based on the evidence adduced in the separate adoption action without any prior notice that the pending modification or contempt motions would be heard. Accordingly, we issue this peremptory writ of prohibition and direct that Respondent or his designated successor rescind and vacate the order of April 13, 1997 in Cause No. CV191–2694DR.

GARY M. GAERTNER and HOFF, JJ., concur.