**Tresa Jo WILSON, Plaintiff/Appellant,**

v.

**Daniel Joseph SULLIVAN, Defendant/Respondent.**

**No. 73219.**

Missouri Court of Appeals, Eastern District, Division One.

March 17, 1998.

Application for Transfer Denied June 16, 1998.

Michael B. Stern, St. Louis, for Appellant.

Edward C. Vancil, David G. Kullman, Creve Coeur, for Respondent.

GRIMM, Presiding Judge.

This case involves a motion to modify custody. The sole issue is whether the special judge from outside the circuit who heard a previous motion to modify and entered judgment thereon in 1996 retains jurisdiction to hear a new motion filed in 1997. We hold that he does not. Accordingly, we reverse and remand with directions.

I. Background

Some time prior to 1989, mother filed her dissolution petition in St. Louis County, where father resided. The case was assigned St. Louis County Circuit Court number 560238.

On January 4, 1989, the parties entered into a Property Settlement and Separation Agreement and presented their matter to Judge Martin Schiff, Jr. On January 12, 1989, pursuant to the separation agreement, Judge Schiff granted mother primary custody of the minor child and entered a decree of dissolution.

On May 15, 1992, father filed a Motion to Transfer Custody and Motion for Contempt in St. Louis County Circuit Court. In accordance with long established practice and Missouri Supreme Court Clerk Handbook section 220.08, the motion was filed in the original dissolution file and continued to have St. Louis County Circuit Court number 560238.

On November 18, 1992, the parties and their attorneys filed a Memorandum by Consent to Appoint Special Judge. In pertinent

part, the memorandum requested St. Louis County Circuit Court "to appoint as special judge in the above styled matter pending in St. Louis County Circuit Court, Judge Thomas Frawley, to preside over this matter."

On that same day, a judge of the St. Louis County Circuit Court entered the following order:

Upon submission of parties Consent Memorandum for appointment of Special Judge and their joint request that the same be approved [and] the Court being apprised of the circumstances for such appointment, Judge Thomas Frawley of the St. Louis Circuit Court, Division 15, is hereby appointed as special judge for the hearing of this cause.

File to be removed by counsel and taken to Judge Frawley.

At this point, the procedural facts become confusing. All documents in the legal file subsequent to Judge Frawley's appointment as special judge no longer contain the St. Louis County Circuit Court caption. Rather, the heading says the matter is in "THE CIRCUIT COURT OF THE CITY OF ST. LOUIS."

Further, the cause number shown on the documents is no longer St. Louis County Circuit Court number 560238. Rather, until 1997, the documents show the cause number as 943–1887. At oral argument, we were advised that apparently for administrative purposes, the St. Louis City Circuit Court assigned a cause number to the matter. This occurred although the matter had not been transferred to St. Louis City Circuit Court, but rather remained pending in St. Louis County Circuit Court.

We were not furnished any circuit court minute sheets from St. Louis County. However, the legal file given us contains St. Louis City case minutes that begin July 26, 1994, almost two years after Judge Frawley was appointed special judge. These minutes reflect that the parties filed numerous motions and cross-motions.

Judge Frawley heard the matter in August and September, 1994. On November 30, 1994, he entered an order. Among other things, he granted in part and denied in part father's motion to modify and motion for contempt, and denied mother's motion for contempt. Moreover, he granted father legal custody of the child. Both parties appealed. This court, in an opinion handed down April 2, 1996, affirmed in part and reversed and remanded in part. *Wilson v. Sullivan*, 922 S.W.2d 835, 839 (Mo.App. E.D.1996).

On August 20, 1996, Judge Frawley conducted a further hearing. On October 22, 1996, he issued his judgment. On December 6, 1996, he issued a nunc pro tunc order correcting a typographical error in the judgment. Neither party appealed.

We now reach the pleadings which are the basis for this appeal. On May 23, 1997, father filed a Motion to Modify. In addition, he filed a motion seeking a temporary restraining order and issuance of a preliminary injunction transferring custody pendente lite. The motions bear the file stamp of the St. Louis City Circuit Court clerk and bear the number 943–1887B. In these motions, father asked the court to terminate mother's right to "any temporary custody or visitation rights or direct or indirect contact" with the child.

That same day, Judge Frawley waived the notice requirements and issued the temporary restraining order. He set the matter for hearing on June 2, 1997.

On May 29, 1997, mother filed a motion to dissolve the TRO and asked that the proceedings be dismissed for lack of jurisdiction and for improper venue. Among other things, mother's motion contended that Judge Frawley's authority terminated when the matter before him became a final judgment in 1996. In addition, the motion alleged that venue remained in St. Louis County, which was not affected by Judge Frawley's appointment as special judge. Therefore, she alleged, the new motions should be dismissed for improper venue. That same day, Judge Frawley denied mother's motion.

On June 30, 1997, Judge Frawley heard father's motion and issued his order. In part, his order says that mother "has consistently objected to the jurisdiction of this court to proceed on the basis that this court

no longer maintains jurisdiction as a Special Judge. The Court preserves such issue for purposes of appeal. The parties, by consent, and without waiving the issue of jurisdiction for appeal, but for the purposes of disposing of this matter and providing for contact of both parents with the child," gave their consent to a specific order being entered. Mother then appealed.

## II. Lack of Jurisdiction and Improper Venue

Mother's sole point on appeal alleges the trial court erred in "failing to dismiss the newly filed matters for want of jurisdiction...." She contends that Judge Frawley's appointment as special judge "ended when all pending matters were disposed of on December 6, 1996."

Judge Frawley is a judge of the 22nd Judicial Circuit, composed solely of the City of St. Louis. He is not a judge of the 21st Judicial Circuit, composed solely of the County of St. Louis. However, under Article V, Section 15.1, of the Missouri Constitution, any circuit or associate circuit judge may sit temporarily in any other circuit at the request of a judge thereof. Here, at the request of the parties, a 21st Judicial Circuit Court judge appointed Judge Frawley "as special judge for the hearing of this cause."

Neither party contests Judge Frawley's appointment. Rather, the question raised concerns the duration of his appointment. The general rule is that the special judge's jurisdiction "continues until the termination of the case by final judgment." *Prather v. Prather*, 263 S.W.2d 57, 58 (Mo.App. E.D. 1953). When Judge Frawley entered his October 22, 1996 judgment, all matters pending before him had been resolved. That judgment became final when no appeal was taken. As such, his appointment as special judge in this matter ended.

The subsequent motion to modify filed in May 1997 was in the nature of an independent proceeding and the motion is treated as a petition in an original action. *See Wood v. Wood*, 378 S.W.2d 237, 239 (Mo.App. E.D. 1964). Thus, in *Wood*, this court said that each subsequent motion to modify "is a separate and independent proceeding." *Id.; see*

*also State ex rel. Trojahn v. Conard*, 948 S.W.2d 446, 447 (Mo.App. E.D.1997).

As such, under long established case law and under previous Rule 51.05, upon the filing of a motion to modify, a party was entitled to disqualify the judge. *Wood*, 378 S.W.2d at 239; *see also Medawar v. Gaddis*, 779 S.W.2d 323 (Mo.App. W.D.1989) (marriage dissolved in 1981; motion to modify filed in 1988. Mother filed an application for change of judge; trial court erred in refusing to grant change and "was without jurisdiction to hear the motion to modify and his judgment in the matter is a nullity." *Id.* at 327); *James v. James*, 853 S.W.2d 425, (Mo.App. S.D.1993) ("a party to a motion to modify was entitled to obtain a change of judge." *Id.* at 431).

On March 22, 1994, effective January 1, 1995, the Missouri Supreme Court amended Rule 51.05(a) concerning the procedure for obtaining a change of judge. The amendment in part says that for "purposes of this Rule 51, motions to modify child custody ... filed pursuant to chapter 452, RSMo, shall not be deemed to be an independent civil action unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent civil action." Thus, the supreme court has now limited the previous right to obtain a change of judge on a motion to modify.

Under the new rule, for example, if Judge Able grants the dissolution and subsequently a first motion to modify is filed and assigned to Judge Able, neither party is entitled to a change of judge. If a second motion to modify is filed and assigned to Judge Able, again neither party would be entitled to a change of judge. However, if the first motion to modify was assigned to Judge Capable, then the parties would be entitled to a change of judge.

Nevertheless, father argues that the change in Rule 51.05 "states that motions to modify are **not** treated as independent civil actions and parties to them are not entitled to another automatic change of judge." (Father's emphasis). As the language in Rule 51.05 indicates and as demonstrated in the previous paragraph, the supreme court did

not say that motions to modify are not independent actions. Rather, the rule recognizes that they are independent civil actions, but permits a change of judge only in certain situations. However, whether a party is entitled to a change of judge is not the question before us.

Instead, as stated at the outset, the issue is whether a special judge from outside the judge's circuit who heard a previous motion to modify and entered judgment thereon retains jurisdiction to hear the new motion. For several reasons, we hold that the special judge does not retain jurisdiction to hear such a motion.

First and foremost, a judge of the St. Louis County Circuit Court appointed Judge Frawley as a special judge "for the hearing of this cause." Once Judge Frawley entered his judgment in 1996 which was not appealed, a final judgment had been entered and his authority over the matter terminated.

To hold otherwise would establish a bad precedent. According to the Missouri Judicial Report for fiscal year 1996–97, circuit and associate circuit judges from around the state were assigned to the 21st Judicial Circuit in St. Louis County on 70 occasions, often for days at a time. That report also shows that statewide, circuit and associate circuit judges were assigned outside of their circuits as special judges to other circuits 1,408 times.

No doubt, some of these special judges heard dissolution cases or motions to modify. If each of those judges who heard a dissolution case or a motion to modify is considered "permanently" assigned to the case, this result could follow. Judge Able from northeast Missouri is assigned as a special judge to St. Louis County and hears a dissolution case. Some time thereafter, a party goes to Judge Able's home circuit and files a motion to modify in the case Judge Able heard on special assignment in St. Louis County. If we were to accept father's argument, the motion could be filed in Judge Able's home county and Judge Able would have jurisdiction to hear the motion in his home county. Such a situation could impose a hardship on the parties, their attorneys, and the judge, and could be a logistical nightmare.

We also note that Rule 51 concerns Venue, including Change of Venue and Change of Judge. Nothing in that rule purports to give jurisdiction to a circuit or associate circuit court judge while specially assigned to hear a matter. Rather, Rule 51.05 states that the rule "shall not be construed to extend or limit the jurisdiction of the courts of Missouri, or the venue of civil actions therein."

Father does not dispute mother's contention that mother continues to live in St. Charles County, while father continues to live in St. Louis County. Apparently at no time did either party live in the City of St. Louis. The 1997 motion to modify in this case should have been filed in St. Louis County Circuit Court.

We recognize that in 1992, the parties consented to the appointment of Judge Frawley to hear the matter. We also recognize that he is intimately acquainted with the facts and circumstances that have evolved since that time. However, as has been stated in prior cases, although motions to modify are "in a sense a continuation of the original actions, they are in fact independent proceedings." *Simms v. Simms*, 253 S.W.2d 814, 816 (Mo.Div.2 1953); *In re Marriage of Hughes*, 773 S.W.2d 897, 900 (Mo.App. S.D. 1989). As such, a party must invoke the jurisdiction of the court by a subsequent motion to modify, which constitutes an independent proceeding. *Hughes*, 773 S.W.2d at 900.

The parties agree that there was no change of venue in this case. Father argues that fact lends credence to his argument for Judge Frawley's continued jurisdiction. Father relies on *State v. Shriver*, 741 S.W.2d 836 (Mo.App. E.D.1987) wherein a Greene County judge "followed" a case he sent to Jefferson County. Father quotes from the case that a "circuit judge is a judge of the State of Missouri and not merely judge of the circuit in which [the judge] is elected or appointed." *Id.* at 838. We agree. However, *Shriver* is not applicable.

In *Shriver*, the parties appeared before the Greene County judge after the venue was changed to Jefferson County. Not until after the judge ruled against the state did the

state challenge the judge's authority. *Id.* at 838. As such, the state's action could be considered a waiver of any right to complain. *Cf. Prather,* 263 S.W.2d at 58–59. In contrast, here mother challenged Judge Frawley's authority as soon as the 1997 motion was filed. Thus, we grant mother's point.

In summary, we hold that when Judge Frawley entered his 1996 judgment which became final when neither party appealed, his jurisdiction in the matter terminated. In view of the fact that the 1997 motion was not assigned to Judge Frawley as a special judge, he did not have authority to issue either the May or June 1997 orders, and they are set aside.

Venue of this action was never transferred from the Circuit Court of St. Louis County. Husband mistakenly filed his 1997 motion in the Circuit Court of the City of St. Louis. Pursuant to section 476.410, RSMo 1994, the motion should be transferred to the Circuit Court of St. Louis County.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.