Tanya S. MUHM, Appellant,

v.

Matthew L. MYERS, Respondent.

No. ED 98668.

Missouri Court of Appeals, Eastern District, Division Four.

May 28, 2013.

1. All rule references are to Mo. R.Crim. P.2011.

Benicia Baker–Livorsi, St. Charles, MO, for appellant.

Frank A. Conard, St. Peters, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The mother, Tanya S. Muhm, appeals the judgment of the Circuit Court of St. Charles County. The trial court granted in part and denied in part the mother's motion to modify legal custody and motion for contempt filed against the father, Matthew L. Myers.[1] The trial court also granted in part and denied in part the father's motion to modify legal custody and

---

1. The Supreme Court has concluded that although a contempt proceeding and a modification proceeding are consolidated for the purposes of receiving evidence, they are separate for the purposes of appeal. *In re Crow* and *Gilmore,* 103 S.W.3d 778, 783 (Mo. banc 2003). Therefore, although the contempt judgment in the instant case is not final and appealable, the modification portion of the judgment is final and appealable.

motion for contempt filed against the mother. Because Rule 51.05 does not entitle a party to a motion to modify to a change of judge when the judge has ruled on the previous independent action, the trial court properly denied the mother's application for change of judge. We affirm the trial court's modification judgment.

## The Preceding Litigation

The parties were married in 2001, had two minor children, and divorced in 2006 in St. Charles County. Judge Joseph Briscoe approved the judgment of dissolution entered by the parties' consent. Since then, the parties have litigated, more or less continuously, their various motions for contempt and motions to modify.

The mother filed a motion for contempt in 2007, and Judge Richard Zerr was assigned to the matter, which was ultimately dismissed.

In 2008, the father filed motions for contempt and to modify, the mother filed a counter-motion for contempt, and Judge Elizabeth Swann was assigned to the case. Shortly thereafter, all the judges of the Eleventh Judicial Circuit, St. Charles County, disqualified themselves because the mother is an assistant prosecuting attorney with St. Charles County. The Missouri Supreme Court appointed Judge Thomas Frawley of the 22nd Judicial Circuit, City of St. Louis, as a special judge to adjudicate the motions in the Eleventh Judicial Circuit, St. Charles County. Judge Frawley conducted the trial on the father's motion to modify, and entered a judgment granting the motion in part and denying it in part from which the parties did not appeal. The judgment on the 2008 motions thus became final.

In 2009, the husband filed a motion to modify, and the mother filed a motion for contempt, motion to modify, and motion to determine amounts due. The Missouri Supreme Court again appointed Judge Frawley to rule upon the 2009 motions in the Eleventh Judicial Circuit. Judge Frawley entered judgment with the parties' consent in connection with the 2009 motions to modify. The judgment on the 2009 motions thus became final.

## The Current Litigation

In 2010, the mother filed a motion for contempt and the instant motion to modify legal custody. The Supreme Court again appointed Judge Frawley as a special judge in the Eleventh Judicial Circuit. The mother filed a motion for change of judge "pursuant to section 452.410.2 as provided by supreme court rule." Judge Frawley denied the mother's motion for change of judge. The father then filed counter-motions to modify and for contempt. The parties tried the modification and contempt matters in April 2012, and Judge Frawley entered judgment granting each motion in part and denying each in part. Both parties filed post-trial motions, which the court denied. The mother now appeals the denial of her motion for a change of judge.

## Analysis

In two points, the mother claims that the trial court erred as a matter of law when it denied her application for change of judge pursuant to Missouri Supreme Court Rule 51.05 and pursuant to section 452.410.2 RSMo. (2000).

In her first point, the mother argues that she was entitled to an automatic change of judge because Judge Frawley, as a special judge, did not qualify for purposes of Rule 51.05 as the same judge who ruled upon the prior motions to modify because Judge Frawley did not serve as a judge for the Eleventh Judicial Circuit,

St. Charles County. Consequently, the mother contends, she is entitled to have the instant judgment reversed and remanded because all rulings since her application for a change of judge are legal nullities.

■ We interpret Missouri Supreme Court rules in the same fashion as statutes. *Joshi v. Ries*, 330 S.W.3d 512, 514–15 (Mo.App. E.D.2010). "Statutory interpretation is a question of law, which we review de novo." *Id.* at 515.

■ Rule 51.05(a) provides in part that "[a] change of judge shall be ordered in any civil action upon the timely filing of a written application therefor by a party." The application need not allege or prove any cause for such change of judge. Rule 51.05(a). The rule establishes a sweeping right to disqualify a judge, without cause, on one occasion, and Missouri courts liberally construe the rule. *Joshi*, 330 S.W.3d at 515.

Nevertheless, the rule contains key limitations. One express limit is that "motions to modify child custody, child support, or spousal maintenance filed pursuant to chapter 452, RSMo, are not independent civil actions unless the judge designated to rule on the motion is not the same judge that ruled on the previous independent action." Rule 51.05(a).

■ In this case, for the purposes of Rule 51.05, Judge Frawley presided over the "previous independent action" that began with the 2008 motions to modify and that continued with the 2009 motions. The mother was not entitled to an automatic change of judge when the Supreme Court appointed Judge Frawley to hear the parties' next round of motions to modify in 2010. The 2010 motions to modify were not deemed independent civil actions for purposes of an automatic change of judge

pursuant to the plain language of Rule 51.05(a).

■ A motion to modify is an independent civil action, and is not a mere adjunct to the dissolution proceeding. *Castor v. State*, 20 S.W.3d 603, 605 (Mo.App. S.D. 2000). For the purposes of Rule 51.05, the motions initiated in 2008 constituted an independent civil action because a different judge—Judge Briscoe—ruled on the original independent action of the parties' 2006 divorce. Nevertheless, under the express language of Rule 51.05(a), the 2010 motions are not treated as yet another independent action for purposes of an automatic change of judge. This results because Judge Frawley ruled on the 2008 and 2009 motions to modify, and Judge Frawley was designated to rule on the 2010 motions as well.

As this Court explained in *State ex rel. Burns v. Goeke:*

> The rule as it presently exists requires the parties to assess the acceptability of the trial judge within a short period after the judge's identity has been determined and move for a change of judge before any proceedings on the record begin. There is no real justification for allowing a party thereafter to move for a change of judge simply because the judge's rulings were contrary to the party's position. If true prejudice of the judge can be established, a remedy is available.

884 S.W.2d 60, 62 (Mo.App. E.D.1994). *See also State ex rel. Thexton v. Killebrew,* 25 S.W.3d 167, 170 (Mo.App. S.D.2000)(noting that Rule 51.05 precluded disqualification of judge in motion to modify dissolution where same judge tried initial independent action); *In re C.N.H.,* 998 S.W.2d 553, 561 (Mo.App. S.D.1999)("The trial judge who heard Father's motion to modify was the same judge that had presided over Mother's initial paternity ac-

tion. . . . Thus, Father's motion to modify is not an 'independent civil action' within the meaning of Rule 51.05.")

■ The mother argues that, because the Supreme Court appointed Judge Frawley anew when the parties filed each round of motions to modify, "he did not serve as a[j]udge for the Eleventh Judicial Circuit." The basis of the mother's argument seems to be that because Judge Frawley was specially appointed and was not an Eleventh Judicial Circuit judge, he lost authority to hear each subsequent motion to modify. The mother is correct as to the general rule that a judge's authority to rule on a case ends when the judgment becomes final. *Wilson v. Sullivan*, 967 S.W.2d 225, 227 (Mo.App. E.D.1998). That the Supreme Court appointed Judge Frawley as a special judge on the separate occasions of the 2008, 2009, and 2010 motions, however, is immaterial. "Any judge shall be eligible to sit temporarily on any court upon assignment by the supreme court or pursuant to supreme court rule." Mo. Const. Art. V, section 6. "A judge or commissioner so transferred [by the Supreme Court pursuant to Rule 11.01], during the period designated, shall have the same powers and responsibilities as a judge of the court or district to which he is transferred." Rule 11.02. Whether the 2008 or 2009 motions were assigned to a judge within the Eleventh Judicial Circuit or to a special judge from another judicial circuit, the judge's authority to act on the motions would have ended in any event after the judgment on the motions became final. *See generally* Rule 81.05(a). The 2010 motions to modify necessitated a new judicial assignment, regardless of whether a judge of the Eleventh Judicial Circuit or a specially-appointed judge from another circuit was designated to rule on the motions.

*Wilson v. Sullivan,* upon which the mother relies, is inapposite. In *Wilson,* the Supreme Court appointed a special judge from the 22nd Judicial Circuit to hear a motion to modify in the 21st Judicial Circuit. 967 S.W.2d at 227. This Court held that once the judgment entered by the special judge became final, the judge did not retain authority—*without having been reappointed or assigned*—to hear the parties' subsequent motions to modify in the 22nd Judicial Circuit. *Id.* at 229 (emphasis added). Rather, the judge's authority ended when the judgment on the original motion became final. *Id.* The instant case is readily distinguishable because here the Supreme Court duly appointed Judge Frawley to hear, in the Eleventh Judicial Circuit, each motion upon which he ruled. Unlike *Wilson,* here the judge did not purport to rule on a motion to modify to which he had not been assigned or appointed.

The Supreme Court, likely in recognition of Judge Frawley's familiarity with the parties' circumstances, simply chose the same judge for the three consecutive sets of motions to modify. Such a choice comports with Missouri's public policy of having one family-court judge for one family. *See In re J.M.,* 328 S.W.3d 466, 469 (Mo.App. E.D.2010) ("To the extent possible, one specially-trained judge is to address the legal and accompanying emotional and social issues challenging each family in order to achieve a more efficient and compassionate system of one judge for one family.") Furthermore, we see no difference between Judge Frawley's authority to act under the circumstances here, and the authority to act possessed by a judge of the Eleventh Judicial Circuit had an Eleventh Circuit Judge ruled on the previous independent action and then been re-elected before being assigned to the parties' next motion to modify. In each instance, the judge's authority to act depends on an

intervening circumstance. But the intervening circumstance reaffirmed the judge's authority. The intervening circumstance does not alter the fact that the re-empowered judge is the same judge who ruled on a previous independent action. The mother's attempt to argue that Judge Frawley's appointment by the Supreme Court necessitates a different result simply presents a distinction without a difference. We deny this point.

In her second point on appeal, the mother relies on the language of section 452.410.2 that "each party shall be entitled to a change of judge." The mother fails to recognize that the remainder of this clause reads "as provided by supreme court rule." As discussed above, Rule 51.05 expressly excludes an automatic change of judge in motions to modify filed pursuant to chapter 452 when the judge ruled on the previous independent action. We deny this point.

 Rule 51.05 provides that motions to modify child custody, child support, or spousal maintenance filed pursuant to chapter 452, RSMo. are not treated as independent civil actions unless the judge designated to rule on the motion is not the same judge who ruled on the previous independent action. Thus, a party to a motion to modify is not automatically entitled to a change of judge when the same judge ruled on the previous independent action. Here, the same judge ruled on the previous independent action initiated with the 2008 motions to modify and continuing with the 2009 motions. That Judge Frawley was duly appointed by the Supreme Court as a special judge to rule on the matter in the Eleventh Judicial Circuit is of no consequence. The trial court properly denied the mother's application for change of judge when the Supreme Court appointed Judge Frawley for the third consecutive time. Thus, we affirm the trial court's modification judgment.

PATRICIA L. COHEN, J., and KURT S. ODENWALD, J., concur.